UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-21724-BLOOM/McAliley

HAVANA DOCKS CORPORATION,

    Plaintiffs,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Carnival" or "Defendant") Motion to Dismiss, ECF No. [17] (the "Motion"). The Court has considered the Motion, the opposing and supporting briefs, the record and applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I. BACKGROUND**

On May 2, 2019, Plaintiff Havana Docks Corporation ("Havana Docks") filed this action against Defendant Carnival ("Carnival") pursuant to Title III of the Cuban Liberty and Democratic Solidarity Act ("the Libertad Act"). ECF No. [1] ("Complaint"). "One of the Libertad Act's purposes was to 'protect United States nationals against confiscatory takings and the wrongful trafficking in property confiscated by the Castro Regime.'" *Id.* at 1 (citing 22 U.S.C. § 6022(6)).

Plaintiff is a United States national as defined by 22 U.S.C. § 6023(15). *Id.* at ¶ 6. In the Complaint, Plaintiff alleges that it is the rightful owner of the certain commercial waterfront real property in the Port of Havana, Cuba, identified as the Havana Cruise Port Terminal ("Subject Property"). *Id.* Plaintiff claims that it owned the Subject Property until the Cuban Government

confiscated it on October 24, 1960. *Id.* at ¶¶ 7-8. Plaintiff further alleges that since its confiscation, the Subject Property has not been returned and adequate and effective compensation has not been provided. *Id.* at ¶ 9. Plaintiff's ownership interest in the Subject Property has been certified by the Foreign Claims Settlement Commission under the International Claim Settlement Act of 1949. *Id.* at ¶ 11. Plaintiff has attached the Certified Claim to its Complaint. *See* ECF No. [1-1].

According to the Complaint, on or about May 1, 2016, Carnival "knowingly and intentionally commenced, conducted, and promoted its commercial cruise line business to Cuba using the Subject Property by regularly embarking and disembarking its passengers on the Subject Property without authorization of Plaintiff or any U.S. national who holds a claim to the Subject Property." *Id.* at ¶ 12. At that time, Carnival is alleged to have participated in and profited from the Cuban Government's possession of the Subject Property without Plaintiff's authorization. *Id.* at ¶ 13. Plaintiff claims that Carnival's knowing and intentional conduct relating to the Subject Property is "trafficking" as defined in 22 U.S.C. § 6023(13)(A), and Defendant is liable to Plaintiff for all money damages allowed by statute. *Id.* at ¶¶ 14, 15.

Carnival has now moved to dismiss the Complaint for failing to state a claim under Federal Rule of Civil Procedure 8(a). *See* ECF No. [17].

**II.   LEGAL STANDARD**

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6), which requests dismissal for "failure to state a claim upon which relief can be granted."

## III.  DISCUSSION

In the Motion, Defendant's argument for dismissal is two-fold. First, Defendant argues that Plaintiff has failed to plead a claim entitling it to relief because it failed to allege that Carnival's use of the Subject Property was not "incident to lawful travel." ECF No. [17], at 3-11. Second, Defendant argues that Plaintiff has failed to plead a claim since the face of the Complaint and its accompanying exhibits indicate that the Plaintiff did not have an ownership interest in the Subject Property at the time Carnival began utilizing the Subject Property. *Id.* at 11-15. The Court will address each argument in turn.

### A.  *Statutory Exception*

As set forth in 22 U.S.C. § 6082(a)(1), a defendant can be found liable under Title III of the Libertad Act if (1) after November 1, 1996; (2) it traffics; (3) in property which was confiscated by the Cuban Government on or after January 1, 1959. *See* 22 U.S.C. § 6082(a)(1).

As to its first argument, Carnival contends that it was insufficient for Plaintiff to plead that the Defendant was using the confiscated Cuban property, and that the Plaintiff "must go a step further and plead facts stating a plausible allegation that the use of the property was not incident to lawful travel." ECF No. [17], at 11. Specifically, Carnival argues that it did not traffic in the Subject Property because it is subject to the carve out provision outlined in the Libertad Act's

definitions section. ECF No. [17], at 10. Carnival contends that dismissal is warranted because "Plaintiff has not plead that Carnival's use of the docks was not 'incident to lawful travel to Cuba,' or not 'necessary to the conduct of such travel.'" ECF No. [17], at 5. Carnival further argues that even if Plaintiff has adequately plead a claim under the Libertad Act, this attempt would fail because Carnival's use of the Subject Property was "incident to lawful travel to Cuba," and "necessary to the conduct of such travel." *Id.* at 5. Plaintiff responds that the application of Defendant's argument—that Plaintiff is required to plead the trafficking was not incident to lawful travel—would require it to allege a negative. ECF No. [33], at 4. Further, Plaintiff contends that the lawful travel statutory exception is not an element of the offense, but rather an affirmative defense on which the Defendant bears the burden of proof. *Id.* at 5.

The Libertad Act defines "trafficking" as follows:

> As used in subchapter III, and except as provided in subparagraph (B), a person "traffics" in confiscated property if that person knowingly and intentionally--
> (i) sells, transfers, distributes, dispenses, brokers, manages, or otherwise disposes of confiscated property, or purchases, leases, receives, possesses, obtains control of, manages, uses, or otherwise acquires or holds an interest in confiscated property,
> (ii) engages in a commercial activity using or otherwise benefiting from confiscated property, or
> (iii) causes, directs, participates in, or profits from, trafficking (as described in clause (i) or (ii)) by another person, or otherwise engages in trafficking (as described in clause (i) or (ii)) through another person, without the authorization of any United States national who holds a claim to the property.
> (B) The term "traffics" does not include--
> . . .
> (iii) transactions and uses of property incident to lawful travel to Cuba, to the extent that such transactions and uses of property are necessary to the conduct of such travel; or

22 U.S.C. § 6023. In reviewing the text of the statute, "Congress expressed a clear intent to make the travel provision an *exception* to unlawful trafficking. Moreover, because this statutory

4

exception requires proof of new facts. . . it fits the mold of a traditional affirmative defense." *Javier Garcia-Bengochea v. Carnival Corporation*, Case No. 19-cv-21725-JLK, at ECF No. [41], at 6-7.

Based on the language of the Libertad Act, the Court agrees with the Plaintiff that the "lawful travel exception" is an affirmative defense to trafficking. Affirmative defenses generally admit the matters in a complaint but nevertheless assert facts that would defeat recovery. "Plaintiffs are not required to negate an affirmative defense in their complaint." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Therefore, this exception must be established by Carnival and Plaintiff was not required to negate this exception in its Complaint. While it may very well be that Carnival's conduct falls within the scope of the exception, such argument is not appropriate at this stage of the litigation.

In its Motion, Defendant argues that "[c]ourts in this Circuit have routinely required a plaintiff pursuing a statutory claim to plead facts that plausibly meet the statutory definition." ECF No. [17], at 4. Specifically, Defendant cites cases which allege claims under Computer Fraud and Abuse Act, Fair Debt Collection Practices Act, and Driver's Privacy Protection Act. ECF No. [17], at 4-5; ECF No. [39], at 5-7. However, reliance on such cases cited by the Plaintiff is misplaced.

For example, in *Arko Plumbing Corp. v. Rudd*, 2013 WL 12059615, at *3 (S.D. Fla. Sept. 26, 2013), the Court found that a plaintiff adequately plead that a "loss" was incurred as defined by the Computer Fraud and Abuse Act. However, the Act applied in *Arko Plumbing Corp.* did not apply nor concern a definitional exception and thus its application to the instant case is inapposite. *See generally id.*

In *Brown v. Regions Mortg. Corp.*, 2012 WL 13013583, at *3 (N.D. Ga. Dec. 3, 2012), the district court dismissed a plaintiff's claims pursuant to the Fair Debt Collection Practices Act

("FDCPA"). *Brown v. Regions Mortg. Corp.*, 2012 WL 13013583, at *3 (N.D. Ga. Dec. 3, 2012), *report and recommendation adopted*, 2012 WL 13013984 (N.D. Ga. Dec. 31, 2012). One of the elements expressly required to state a claim pursuant to the FDCPA is that the defendant is a "debt collector." *Id.* In *Brown*, the Court dismissed the plaintiff's claims because she did not "compl[y] with [the] foundational FDCPA requirements," and had not alleged any facts showing that either defendant was a debt collector or attempted to collect a debt under the Act. *Id.* Such is not the case here, where the Plaintiff has directly alleged the conduct alleged to have been committed by Carnival, *see* ECF No. [1], at ¶12, and that such conduct constitutes "trafficking as defined in 22 U.S.C. § 6023(13)(A)." ECF No. [1], at ¶ 14.

Lastly, in its Reply, the Defendant argues that *Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A.*, 525 F.3d 1107 (11th Cir. 2008), further supports its contention that definitional exceptions are material elements and not affirmative defenses. ECF No. [39], at 4-5. In *Thomas*, the Eleventh Circuit Court of Appeals held that the Driver's Privacy Protection Act ("DPPA") required the plaintiff to show that his personal information was obtained "for a purpose not permitted" by the statute and rejected the plaintiff's argument that the permissible uses listed in the statute should be viewed as affirmative defenses. *Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A.*, 525 F.3d 1107, 1112 (11th Cir. 2008). However, claims pursuant to DPPA are markedly different from the claim alleged in the instant case. The plain language of the DPPA prohibits obtaining a driver's personal information "for a purpose not permitted under this chapter." *Id.* at 1110-1111. In *Thomas*, the Eleventh Circuit noted that the statute itself articulates fourteen permissible uses, *see id.* at 1110-12, and the court thereafter concluded that a plaintiff must establish that the defendant's purpose was *not* among those expressly permitted by the DPPA. *Id.* Here, the language of the Libertad Act does not dictate such

a reading. Rather, the Libertad Act sets forth what does and does not constitute unlawful trafficking and frames the travel provision as an exception to otherwise unlawful conduct. The decision in *Thomas* provides little support for the Defendant's contention here.

To plausibly plead a claim, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282–83 (11th Cir. 2007) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)).  Carnival argues that Plaintiff has failed to state all material elements under the Libertad Act. The Court disagrees. Plaintiff has sufficiently plead all such allegations.  Indeed, Plaintiff alleges that it holds a certified claim to the Subject Property, which was confiscated by the Cuban Government in 1960. ECF No. [1], at ¶¶ 8, 11. Plaintiff further alleges that the Defendant "knowingly and intentionally commenced, conducted, and promoted its commercial cruise line business to Cuba using the Subject Property by regularly embarking and disembarking its passengers on the Subject Property," and that such conduct "is trafficking as defined in 22 U.S.C. § 6023(13)(A)."  ECF No. [1], at ¶¶ 12-14.

The Court further rejects the notion that Plaintiff was required "to go a step further" beyond the elements articulated in the statute and state that the alleged trafficking was not "incident to" or "necessary for" lawful travel.  Plaintiff alleges that the trafficking that occurred was "as defined in 22 U.S.C. § 6023(13)(A)."  ECF No. [1], at ¶ 14.  To the extent the Defendant disagrees with this allegation, it may deny it, and assert an appropriate affirmative defense.

Carnival also argues that even if Plaintiff has attempted to adequately plead trafficking, such attempt would fail because Carnival's use of the Subject Property was "incident to" or "necessary for" lawful travel.  ECF No. [17], at 5-8. However, this argument is also inappropriate

7

at this stage, as it calls into question a direct issue of fact in dispute. Such question is not suitable for disposition upon a motion to dismiss. *See Int'l Village Ass'n, Inc. v. AmTrust N. Am., Inc.*, 2015 WL 3772443, at *4 (S.D. Fla. June 17, 2015) ("[Defendant's] contrary assertion... raises an issue of fact inappropriate for resolution on a motion to dismiss.").

### B. *Plaintiff's Claim to the Subject Property*

As for its second argument, Carnival argues that the Complaint should be dismissed because Plaintiff did not have a property interest in the Subject Property at the time Carnival was alleged to have committed the trafficking. ECF No. [17], at 18-19. Specifically, the Defendant does not refute that the Plaintiff owns the claim to the Subject Property, but rather that such claim was a "time limited concession." *Id.* at 18. Defendant further contends that this concession expired in 2004. *Id.* Therefore, Carnival argues that it cannot be found liable because, as stated in the Complaint, its conduct is alleged to have commenced in 2016. *Id.* Plaintiff responds that this argument "conflates ownership interest in property with ownership of a claim to such property." ECF No. [33], at 17. And further, that the Libertad Act creates a cause of action to the owner of a *claim* with respect to the confiscated property. *Id.* at 19.

First, the plain language of the Libertad Act states that "any person ... that traffics in property which was confiscated by the Cuban Government ... shall be liable to any United States national *who owns the claim* to such property." 22 U.S.C. § 6082(A) (*emphasis added*). Thus, the Libertad Act does not expressly make any distinction whether such trafficking needs to occur while a party holds a property interest in the property at issue. To this extent, the Court agrees with the Plaintiff that the Defendant incorrectly conflates a claim to a property and a property interest. Accordingly, the Court finds that the Complaint sufficiently alleges that the Plaintiff owns a claim to the Subject Property.

8

Further, the Defendant argues that the Claim Certification attached as an exhibit to the Complaint negates the Plaintiff's claim because it identifies that it maintained only a timed-concession to the Subject Property. ECF No. [17], at 15. As such, the Court should consider the exhibit as grounds to dismiss the instant lawsuit. However, even considering the timed-concession, such would not "negate" a valid claim to the subject property, and thus is also not a valid argument supporting dismissal at this stage.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Carnival Corporation's Motion to Dismiss, **ECF No. [17]**, is **DENIED**. Defendant Carnival Corporation shall file its Answer to the Complaint *no later than September 6, 2019*.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on August 27, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record