UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-21724-BLOOM/McAliley

HAVANA DOCKS CORPORATION,

    Plaintiffs,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's Motion to Certify Interlocutory Appeal, ECF No. [49] ("Motion"). The Court has reviewed the Motion, the record in this case, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I. BACKGROUND**

On May 2, 2019, Plaintiff Havana Docks Corporation ("Havana Docks" or "Plaintiff") filed this action against Defendant Carnival ("Defendant" or "Carnival") pursuant to Title III of the Cuban Liberty and Democratic Solidarity Act, 22 U.S.C. § 6021 ("Helms-Burton"). ECF No. [1] ("Complaint"). In the Complaint, Plaintiff alleges that Carnival trafficked in certain property to which Plaintiff holds a claim, without its authorization. *Id.* at ¶ 12.

On May 30, 2019, Carnival moved to dismiss this action, arguing among other grounds that Plaintiff did not have a "property" interest in the property at the time Carnival was alleged to have committed the trafficking. ECF No. [17], at 18-19. Specifically, the Defendant did not refute that Plaintiff held a claim to the property at issue, but rather that such claim was a "time limited concession." *Id.* at 18. Moreover, Defendant argued that this concession expired in 2004,

and therefore, Carnival could not be found liable because its conduct is alleged by Plaintiff to have commenced in 2016. *Id.*

On August 27, 2019, the Court denied Carnival's Motion to Dismiss, finding that the "Defendant incorrectly conflate[d] a claim to a property and a property interest," and therefore, the Complaint sufficiently alleged that the Plaintiff holds a claim to the property at issue. ECF No. [47], at 8. Carnival has now filed the instant Motion, seeking to have the Court certify its Order for interlocutory appeal under 28 U.S.C. § 1292(b) on the issue of "whether Helms-Burton applies when the only alleged acts of trafficking occurred after the plaintiff's rights to the property would have expired on their own terms independent of any confiscation." ECF No. [49], at 3.

## II.     LEGAL STANDARD

Interlocutory appeal under 28 U.S.C. § 1292(b) serves as a "rare exception" to the general rule that final judgment must precede appellate review. *McFarlin v. Canseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004). The Eleventh Circuit has determined the liberal use of § 1292(b) to be bad policy as it may promote piecemeal appeals. *Id.* at 1259. Accordingly, § 1292(b) certification is only proper "in exceptional cases where decision of the appeal may avoid protracted and expensive litigation . . . where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided." *Id.* at 1256.

A "controlling question of law" arises where the court of appeals can rule on a controlling question of pure law without having to search deep into the record in order to discern the facts. *See Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1252-53 (11th Cir. 2003). With respect to the second element under § 1292(b), where the appellate court is in "complete and unequivocal" agreement with the district court, a "substantial ground for difference of opinion" does not exist. *McFarlin*, 381 F.3d at 1258 (quoting B*urrell v. Bd. of Trustees of Ga. Military College*, 970 F.2d

785, 788-89 (11th Cir. 1992)).  Moreover, questions of first impression or an absence of binding authority on an issue, without more, are insufficient to demonstrate a substantial ground for difference of opinion.  *See In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996); *Williams v. Saxon Mortgage Co.*, No. CIV. A. 06-0799-WS-B, 2007 WL 4105126, at *2 (S.D. Ala. Nov. 15, 2007) (citations omitted).  Instead, the district court should measure the weight of opposing arguments to the disputed ruling in deciding whether there is a "substantial ground for dispute." *In re Flor*, at 284. The final requirement, that the controlling question of law "may materially advance the ultimate termination of the litigation," is a straightforward one, simply requiring an examination of whether the "resolution of [the] controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259.

Ultimately, there is a "strong presumption against interlocutory appeals," and both the district and circuit courts are afforded substantial discretion in certifying issues for such a purpose. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008) (citing *Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1291 (11th Cir. 2007)); *United States v. One Parcel of Real Prop. With Bldgs., Appurtenances & Improvements*, 767 F.2d 1495, 1498 (11th Cir. 1985).

**III.   DISCUSSION**

Three elements are required in order to qualify for leave under § 1292(b):

(1) a controlling question of law;
(2) over which there is a substantial ground for difference of opinion among courts; and
(3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation.

*See* 28 U.S.C. § 1292(b).  Acknowledging the profound hurdles most parties face in seeking interlocutory appeal, the Eleventh Circuit has characterized this certification as a "high threshold," admitting that "[m]ost interlocutory orders do not meet this test." *OFS Fitel*, 549 F.3d at 1359. As

to the issue raised by the Defendant for appeal, the Court finds that it satisfies only the third element under § 1292(b). Thus, the Court will focus its inquiry on the first and second requirements under § 1292(b).

In its Motion, Carnival argues that this is a "textbook case for Section 1292(b) certification. ECF No. [49], at 2. Specifically, the Defendant argues that certification for interlocutory appeal is appropriate because the issue it seeks to certify satisfies all three factors outlined in § 1292(b). *Id.* Unsurprisingly, Havana Docks opposes the relief sought. ECF No. [53].

As for the first factor, Carnival argues that the controlling question of law is "whether Helms-Burton applies when the only alleged acts of trafficking occurred after the plaintiff's rights to the property would have expired on their own terms independent of any confiscation." ECF No. [49], at 3. The Defendant contends that this issue raises a "purely legal issue about the proper interpretation of the Helms-Burton Act." *Id.* Havana Docks responds that the issue raised by Carnival is "inappropriately case-specific,'" and thus, should not be certified for appeal. ECF No. [53], at 9.

The only binding case cited by the Defendant in support of this argument is *Mamani v. Berzain*, 825 F.3d 1304, 1312–13 (11th Cir. 2016). In *Mamani*, however, the Eleventh Circuit Court of Appeals rejected an interlocutory appeal of an order denying a motion to dismiss Torture Victim Protection Act ("TVPA") claims. The Eleventh Circuit noted that the appellant was not requesting review of a "pure or abstract" issue of law, but rather asking the court to decide a case-specific issue, of whether certain factual allegations stated a claim under the TVPA. *Mamani*, 825 F.3d at 1312. Here, after a careful review of the issue raised for interlocutory appeal, the Court finds that, like the appellant in *Mamani*, the Defendant is seeking review of whether the specific facts alleged by this particular Plaintiff states a claim under the Helms-Burton Act. Thus, the Court

disagrees that the issue proposed for interlocutory appeal is a "purely legal issue" because it is clearly a "case-specific" question. *Id.*

Next, Defendant argues that the Court should certify the issue raised for interlocutory appeal because substantial grounds for difference of opinion exist. ECF No. [49], at 4. Defendant contends that this issue in the instant action is one of "first impression" before this Circuit, and while this Court has found that the Plaintiff adequately alleged a claim under Helms-Burton, another "Court may come to a different view." *Id.* at 5. Plaintiff responds that a question of first-impression does not by itself raise substantial grounds for a difference of opinion. ECF No. [53], at 6-8.

This Court has previously held "[w]hether or not [an] issue is "uncharted legal territory" does not automatically generate a 'substantial ground for difference of opinion.'" *Nat'l Union*, 2015 WL 11251735, at *2 (citing *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) ("[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion.")). There is no dispute that the issues raised in the instant action will be of first impression in this Circuit. However, the Court agrees with the Plaintiff that the "novelty" of this case, standing alone, does not warrant section 1292(b) certification. Accordingly, the Court finds that Carnival has not satisfied its burden to demonstrate a substantial ground for difference of opinion. As such, the Motion is also denied with respect to this issue.

The Court finds that Carnival has not overcome the strong presumption against interlocutory appeals and that no exceptional circumstances exist that would warrant § 1292(b) certification.   The issue raised by the Defendant also does not merit deviation from the general principle that appeals be conducted after final judgment. *See McFarlin*, 381 F.3d at 1264.

Case No. 19-cv-21724-BLOOM/McAliley

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [49]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 7, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record