UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-21724-BLOOM/McAliley

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant") Motion for Certification of Interlocutory Appeal, ECF No. [84] ("Motion for Interlocutory Appeal"), and Defendant's Motion to Stay Discovery for 90 Days, ECF No. [85] ("Motion for Stay"), (collectively, the "Motions"). The Court has reviewed the Motions, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, Defendant's Motion for Interlocutory Appeal is denied, and Defendant's Motion for Stay is denied.

    **I. BACKGROUND**

On May 2, 2019, Plaintiff Havana Docks Corporation ("Havana Docks") initiated this action against Defendant pursuant to Title III of the Cuban Liberty and Democratic Solidarity Act of 1996, 22 U.S.C. § 6021, *et seq.* (the "LIBERTAD Act," "Title III," or the "Act"), referred to as the Helms-Burton Act. ECF No. [1] ("Complaint"). On April 20, 2020, this Court granted Havana Docks' Motion for Leave to Amend and denied as moot Defendant's Revised Motion for Reconsideration, ECF No. [79] ("Omnibus Order").

Shortly thereafter, Defendant filed its Motion for Interlocutory Appeal, which requests that this Court certify the following question for interlocutory appeal:

> Whether "Title III's plain language creates liability for trafficking in the broadly defined 'confiscated property' — i.e., in any property that was nationalized, expropriated, or otherwise seized by the Cuban Government . . . without the property having been returned or adequate and effective compensation [paid] — not in a particular interest in confiscated property," and "regardless of . . . when the trafficking took place."

ECF No. [84] at 2 (footnote omitted). Havana Docks filed its Response in Opposition, ECF No. [88] ("Response"), to which Defendant filed its Reply, ECF No. [99] ("Reply"). Further, Defendant filed its Motion to Stay. ECF No. [85]. Havana Docks also filed its Response in Opposition, ECF No. [92], and Defendant filed its Reply, ECF No. [100].

## II. LEGAL STANDARD

Three elements are required in order to qualify for leave to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b):

(1) a controlling question of law;
(2) over which there is a substantial ground for difference of opinion among courts; and
(3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation.

*See* 28 U.S.C. § 1292(b). Interlocutory appeal under § 1292(b) serves as a "rare exception" to the general rule that final judgment must precede appellate review. *McFarlin v. Canseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004). Further, the Court of Appeals for the Eleventh Circuit considers liberal use of § 1292(b) to be bad policy, as it may promote piecemeal appeals. *Id.* at 1259. Accordingly, § 1292(b) certification is only proper "in exceptional cases where decision of the appeal may avoid protracted and expensive litigation . . . where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided." *Id.* at 1256.

A "controlling question of law" arises where the appellate court can rule on a controlling question of pure law without having to search deep into the record in order to discern the facts of the underlying case. *See Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1252-53 (11th Cir. 2003). With respect to the second element under § 1292(b), where the appellate court is in "complete and unequivocal" agreement with the district court, a "substantial ground for difference of opinion" does not exist. *McFarlin*, 381 F.3d at 1258 (quoting *Burrell v. Bd. of Trustees of Ga. Military Coll.*, 970 F.2d 785, 788-89 (11th Cir. 1992)). Moreover, questions of first impression or the absence of binding authority on an issue, without more, are insufficient to demonstrate a substantial ground for difference of opinion. *See In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996); *Williams v. Saxon Mortgage Co.*, No. CIV. A. 06-0799-WS-B, 2007 WL 4105126, at *2 (S.D. Ala. Nov. 15, 2007) (citations omitted). Instead, the district court should measure the weight of opposing arguments to the disputed ruling in deciding whether there is a "substantial ground for dispute." *In re Flor*, at 284. The final requirement that the controlling question of law "may materially advance the ultimate termination of the litigation" is a straightforward one. This inquiry simply requires an examination of whether the "resolution of [the] controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259.

Ultimately, there is a "strong presumption against interlocutory appeals," and both the district and circuit courts are afforded substantial discretion in certifying issues for this purpose. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008) (citing *Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1291 (11th Cir. 2007)); *United States v. One Parcel of Real Prop. With Bldgs., Appurtenances & Improvements*, 767 F.2d 1495, 1498 (11th Cir. 1985).

### III. DISCUSSION

In the Motion for Interlocutory Appeal, Defendant requests that the Omnibus Order be certified for interlocutory appeal. Specifically, Defendant presents the following question for certification:

> Whether "Title III's plain language creates liability for trafficking in the broadly defined 'confiscated property' — i.e., in any property that was nationalized, expropriated, or otherwise seized by the Cuban Government . . . without the property having been returned or adequate and effective compensation [paid] — not in a particular interest in confiscated property," and "regardless of . . . when the trafficking took place."

ECF No. [84] at 2 (footnote omitted). Upon careful examination, however, the Court concludes that this question fails to satisfy either of the first two elements of the § 1292(b) inquiry. Thus, the Court will focus its analysis on these two § 1292(b) requirements.

As noted above, § 1292(b) sets forth three elements:

(1) a controlling question of law;
(2) over which there is a substantial ground for difference of opinion among courts; and
(3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation.

*See* 28 U.S.C. § 1292(b). Stated differently, the Eleventh Circuit has "identifie[d] several principles to guide [courts] in when deciding whether to exercise [their] discretion under § 1292(b) to allow for a rare interlocutory appeal." *Drummond Co., Inc. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1336 (11th Cir. 2018) (citing *McFarlin*, 381 F.3d at 1264).

> In general, [courts] exercise [their] discretion only when (1) the appeal presents a pure question of law, (2) the question is controlling of at least a substantial part of the case, (3) the district court identifies the question in its order, (4) there are substantial grounds for differences of opinion on the question, and (5) resolution of the question may reduce the amount of litigation necessary on remand.

*Id.* (citing *McFarlin*, 381 F.3d at 1264). "This standard is conjunctive, meaning that if any elements are not satisfied, the Court must deny interlocutory review." *In re Yormak*, No. 2:17-cv-73-FtM-

38, 2017 WL 2645601, at *2 (M.D. Fla. June 19, 2017) (citation omitted). Acknowledging the profound hurdles that parties face in seeking interlocutory appeal, the Eleventh Circuit has characterized this certification as a "high threshold," and stated that "[m]ost interlocutory orders do not meet this test." *OFS Fitel, LLC*, 549 F.3d at 1359. Ultimately, "§ 1292(b) certification is wholly discretionary with both the district court and [the Court of Appeals]." *Id.* at 1358.

> To meet the first element for interlocutory appeal, the movant must demonstrate there is a question of law, and it is controlling. *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). A controlling question of law pertains to "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id.* at 1258. In other words, a controlling question of law is an issue of "pure law" that can be decided "quickly and cleanly without having to study the record." *Id.* The question must also "be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *Id.* at 1259. By contrast, "[t]he antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* at 1259.

*Cont'l 332 Fund, LLC v. Albertelli*, No. 2:17-cv-41-FtM-38MRM, 2018 WL 3656472, at *2 (M.D. Fla. Aug. 2, 2018).

With regard to this first factor, Defendant argues that the issue presented is a purely legal question of statutory authority that is ripe for interlocutory review. Conversely, Havana Docks contends that the question as framed, though appearing at first blush to be a purely legal question, is actually a question that turns on case-specific facts, thus making it inappropriate for § 1292(b) certification.

Upon review, the Court concludes that the issue presented is not appropriate for appellate review because it would require the Eleventh Circuit to delve into the record to address the facts of the instant case and issue an impermissible advisory opinion as to the nature of the property interest required for liability under Title III and the requisite time period during which the alleged trafficking must have occurred. "That case-specific inquiry does not present a pure question of law

5

but a mixed one of law and fact. . . . As a result, the first requirement for exercising jurisdiction under § 1292(b) is not satisfied." *Nice v. L-3 Commc'ns Vertex Aerospace LLC*, 885 F.3d 1308, 1313 (11th Cir. 2018) (footnote omitted); *see also Garcia-Bengochea v. Carnival Corp.*, No. 1:19-cv-21725, 2019 WL 7945691, at *2 (S.D. Fla. Sept. 26, 2019) (concluding that the issue presented for interlocutory appeal involved case-specific factual questions (citing *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016); *In re Checking Account Overdraft Litig.*, No. 09-MD-02036, 2010 WL 3377592, at *2 (S.D. Fla. July 1, 2010))).

Next, Defendant argues that the Court should certify the issue raised for interlocutory appeal because substantial grounds for difference of opinion exists, as evidenced by the history of this Court's rulings in this case. Havana Docks, however, responds that a question of first impression on its own does not satisfy the requirement for substantial grounds for a difference of opinion among courts.

Where the appellate court is in "complete and unequivocal" agreement with the district court, a "substantial ground for difference of opinion" does not exist. *McFarlin*, 381 F.3d at 1258 (quoting *Burrell*, 970 F.2d at 788-89). Rather, "to demonstrate the existence of a substantial ground for difference of opinion, the appellant 'must show that at least two courts interpret the legal principle differently.'" *In re Yormak*, 2017 WL 2645601, at *3 (quoting *Figeroa v. Wells Fargo Bank, N.A.*, 382 B.R. 814, 824 (S.D. Fla. 2007)).

> If a controlling question of law exists, the appellant must next demonstrate the existence of a substantial ground for difference of opinion. *Flaum v. Doctor's Assocs., Inc.*, No. 16-61198-CIV, 2016 WL 8677304, at *2 (S.D. Fla. Oct. 27, 2016). To do this, the appellant must show "a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue." *Id.* "[M]erely showing that the order for which appeal is sought presents a difficult ruling, or demonstrating a lack of authority on the legal issue, is not sufficient." *Ibrahim v. FINR III, LLC*, No. 8:15-cv-1093-T-17, 2016 WL 409630, at *3 (M.D. Fla. Feb. 3, 2016).

*Cont'l 332 Fund, LLC*, 2018 WL 3656472, at *2; *see also Flint Riverkeeper, Inc. v. S. Mills, Inc.*, 261 F. Supp. 3d 1345, 1347 (M.D. Ga. 2017) ("Neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion."). Instead, the district court should measure the weight of opposing arguments to the disputed ruling in deciding whether there is a "substantial ground for dispute." *In re Flor*, 79 F.3d at 284; *see also Nat'l Union Fire Ins. Co. of Pittsburgh v. Tyco Integrated Sec., LLC*, No. 13-CIV-80371, 2015 WL 11251735, at *2 (S.D. Fla. July 8, 2015).

The parties do not dispute that the questions presented in the case are issues of first impression in this Circuit and across the country. However, the Court disagrees with Defendant's assertion that the course of the instant litigation supports the existence of substantial ground for dispute that warrants interlocutory appeal. To be sure, the issues raised and addressed during these proceedings have presented difficult questions of law in an area where authority is entirely lacking, and this Court has extensively grappled with these issues in order to come to the correct conclusion. Nonetheless, as detailed extensively in the Omnibus Order, the Court's latest reasoning in each of the cases related to the instant action was based in large part on the Eleventh Circuit's reasoning in *Glen v. Club Mediterranee S.A.*, 450 F.3d 1251 (11th Cir. 2006), which made clear that the Cuban Government's confiscation of property extinguished any and all ownership rights of those who owned the property prior to the expropriation. Thus, while Defendant disagrees with the result reached in the Omnibus Order and the orders in the related cases, this Court remains unconvinced that this disagreement, even in light of the procedural history of the instant action, demonstrates a substantial ground for difference of opinion that is sufficient to overcome the high threshold of § 1292(b).

Based on the discussion above, the Court finds that Defendant has failed to meet its heavy burden of establishing that interlocutory appeal is warranted. Accordingly, the issue presented for certification does not merit deviation from the general principle that appeals should be conducted after final judgment. *See McFarlin*, 381 F.3d at 1264. Moreover, the Court finds that the ninety-day stay Defendant requests in its Motion to Stay is not warranted, given the present posture of the case and the entry of the Court's Amended Scheduling Order, ECF No. [80]. Thus, the Motion to Stay is also denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Certification of Interlocutory Appeal, **ECF No. [84]**, is **DENIED**.

2. Defendant's Motion to Stay Discovery for 90 Days, **ECF No. [85]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 26, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record