UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-cv-21724-BLOOM/MCALILEY

HAVANA DOCKS CORPORATION,

    Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a/
CARNIVAL CRUISE LINE, a foreign
corporation,

    Defendant.
_____/

## PLAINTIFF'S NOTICE OF HEARING

Plaintiff Havana Docks Corporation has called up for hearing on the Court's calendar before the Honorable Chris M. McAliley, on the date and time set forth below, the following matters to be heard:

**DATE AND TIME:**    Wednesday, July 8, 2020, at 9:30 a.m.

**LOCATION:**    C. Clyde Atkins United States Courthouse
301 North Miami Avenue, Sixth Floor
Miami, Florida 33128

**DISCOVERY DISPUTES:**

  **A. Scope of Review of Documents.**

  **Nature of Dispute:** The parties disagree whether Defendant Carnival Corporation ("Carnival") must search the records of subsidiaries, affiliates, or other third parties that are within the custody or control of Carnival, for materials

responsive to Plaintiff's First Request for Production of Documents and Plaintiff's First Set of Interrogatories.

### B. Financial Information About Profit and Revenue.

**Nature of Dispute:** The parties disagree about the scope of documents and information Carnival must produce regarding Carnival's profits and revenue from its cruises to Cuba.

**Discovery Requests at Issue:**

**Document Request No. 23:**
All Carnival financial statements, including but not limited to balance sheets, income statements, cash flow statements, and profit and loss statements sufficient to identify the total revenues and profit related to all of Carnival's cruises to Cuba.

**Response to Request No. 23:**
Carnival objects to this Request because it seeks or calls for the production of financial documents or information concerning the "total revenues and profit" related to "all" Carnival travel to "Cuba," which is not relevant, material or necessary to whether Carnival trafficked in the Subject Property or to the issue of damages and, thus, is not proportional to the needs of the case. Carnival further objects to this request to the extent it seeks or calls for financial documents that would lead to the unwarranted disclosure and discussion of sensitive non-public information about Carnival, including but not limited to, confidential information about Carnival's processes, operations, procedures, or other non-public information that would lead to substantial harm to Carnival's competitive position. Carnival further states that as a public company, its audited financial statements are available publically, [*sic*] and therefore, Plaintiff has equal access to them. Carnival will not produce documents in response to this Request.

**Interrogatory No. 1(i):**
Identify all Carnival ships that have docked at or used the Subject Property, and please state the following for each such ship: . . .(i) the number of passengers onboard the ship and the total amount paid by the passengers for the cruise . . . .

**Response to Interrogatory No. 1(i):**

i. Carnival objects to providing payment information related to each of its guests as such information is overly burdensome, sensitive, and not proportional to the needs of the case. Carnival further objects to providing payment information on the grounds that it would result in the unwarranted disclosure of Carnival's customer information as well as Carnival's sensitive non-public proprietary information or trade secret material that would result in an unfair advantage to Carnival's competitors.

**Interrogatory No. 1(k):**

Identify all Carnival ships that have docked at or used the Subject Property, and please state the following for each such ship: . . .(k) all Cuban shore excursions offered by Carnival or any other party to the passengers on the ship, the price of each excursion, and the total number of such excursions purchased . . . .

**Response to Interrogatory No. 1(k):**

k. Carnival objects to providing information about shore excursions offered at any port other than Havana because such information is overly burdensome and not proportional to the needs of this case. Carnival further objects to providing payment and sales information on the grounds that it would result in the unwarranted disclosure of Carnival's sensitive non-public proprietary information or trade secret material that would result in an unfair advantage to Carnival's competitors.

C.  **Payment Information.**

<u>**Nature of Dispute:**</u>  The parties disagree whether Carnival is required to produce documents and information regarding payments made by Carnival to the Cuban Government and certain third parties in Cuba. Carnival has objected to providing any documents or information beyond that which is sufficient to identify payments made by Carnival for use of the port in Havana.  Plaintiff does not accept that limitation.

**Discovery Requests at Issue:**

**Document Request No. 3:**
All documents sufficient to identify all the payments made by Carnival to the Cuban Government, identifying the date, amount, and the purpose of each payment.

**Response to Request No. 3:**
Carnival objects to this Request to the extent it seeks or calls for the production of documents or information concerning all payments to the "Cuban Government" that is not relevant, material or necessary to the needs of this case because (1) this case concerns only Havana, not Cuba generally, (2) Carnival's payments in Cuba are not relevant to determining whether Carnival trafficked in the Subject Property or whether Carnival's use of the Subject Property was lawful. Carnival further objects to providing payment information on the grounds that it would result in providing Carnival's confidential non-public proprietary information or trade secret material that would result in an unfair advantage to Carnival's competitors. Carnival also objects to this request because the term "sufficient" and "payment" are vague and ambiguous. Carnival further objects to this request to the extent that it seeks or calls for the production of documents or information that would lead to the unwarranted disclosure and discussion of sensitive competitive information, including, but not limited to, confidential information about Carnival's processes, operations, procedures, or other non-public information that is in no way relevant to any party's claim or defense in this litigation and that would lead to substantial harm to Carnival's competitive position.

Carnival will not produce documents in response to this request, but will meet and confer with Plaintiff to narrow the Request.

**Document Request No. 4:**
All documents sufficient to identify all the payments made by Carnival to anyone in Cuba that is not a member of, or affiliated with, the Cuban Government, identifying the date, amount, and the purpose of each payment.

**Response to Request No. 4:**
Carnival objects to this Request because it is overbroad, unduly burdensome and oppressive to the extent it calls for the production of "all" documents that identify payments made to "anyone in Cuba" for any reason, and for any time. Carnival further objects to this Request to the extent it seeks or calls for the production of documents or information concerning payments to anyone other than the Cuban Government that is not relevant, material or necessary to the needs of this case because (1) this case concerns only Havana, not Cuba generally, (2) Carnival's payments in Cuba are not relevant to

determining whether Carnival trafficked in the Subject Property or whether Carnival's use of the Subject Property was lawful. Carnival further objects to providing payment information on the grounds that it would result in the unwarranted disclosure of Carnival's sensitive non-public proprietary information or trade secret material that would result in an unfair advantage to Carnival's competitors. Carnival further objects to this Request because it is vague, ambiguous, and confusing. For example, the terms "affiliated" and "member" are undefined and Carnival is not able to determine how the Government of Cuba classifies or categorizes each and every individual in that country. Further, this request seeks or calls for the production of documents concerning the term "Payment" without regard to time, scope, or context, which is vague, ambiguous, and confusing. Carnival further objects to this request to the extent that it seeks or calls for the production of documents or information that would lead to the unwarranted disclosure and discussion of sensitive competitive information, including, but not limited to, confidential information about Carnival's processes, operations, procedures, or other non-public information that is in no way relevant to any party's claim or defense in this litigation and that would lead to substantial harm to Carnival's competitive position.

Carnival will not produce documents in response to this request, but will meet and confer with Plaintiff to narrow the Request

**Document Request No. 31:**
All documents concerning Global Ports Holdings related to the Subject Property or any other port facility in Cuba, including any payments made, or financing provided, directly or indirectly, by Carnival to Global Ports Holdings related to the Subject Property or any other port facility in Cuba.

**Response to Request No. 31:**
Carnival objects to this Request because it is unduly burdensome and oppressive to the extent it seeks or calls for the production of financial documents concerning "any other port facility" beyond the Subject Property in Cuba. Carnival further objects to this Request because it is not relevant, material, or necessary to this action because (1) any payment Carnival made to Global Ports Holding is not relevant to any claim or defense in this action, nor is it relevant to damages and (2) it seeks or calls for the production of financial documents or information concerning carrier services to "Cuba" that is potentially unlimited in time and scope, and, thus, is not proportional to the needs of the case. Carnival further objects to this request to the extent it seeks or calls for financial documents that would lead to the unwarranted disclosure and discussion.

**Colson Hicks Eidson**
**255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444**

Carnival will not produce documents in response to this Request.

**Interrogatory No. 1(*l*)**

Identify all Carnival ships that have docked at or used the Subject Property, and please state the following for each such ship: . . . *(l)* any amount paid to the Cuban Government or any other party for any use of the Subject Property, the date of the payment, the name of the recipient, the reasons for the payment, and any agreement or document relating to the payment.

**Response to Interrogatory No. 1(*l*):**

Carnival objects to the subparts of this Interrogatory as follows:

(*l*). Carnival objects to providing payment information, as no claim or defense relates to whether Carnival made payments for use of the Subject Property or the amount of those payments, and therefore, providing such information is overly burdensome and not proportional to the needs of the case. Carnival further objects to providing payment information on the grounds that it would result in the unwarranted disclosure of Carnival's sensitive non-public proprietary information or trade secret material that would result in an unfair advantage to Carnival's competitors. Carnival will not respond to this subpart at this time, but will meet and confer with Plaintiff to resolve these objections.

Subject to and without waiver of the General Objections and the foregoing objections, Carnival has already attached responses to sub parts (a)-(i) and (k) to these Interrogatories. Carnival is also attaching additional responsive information to subsection 1(c)-(d). On agreement of counsel, Carnival understands that Havana Docks will not pursue sub part (j). Carnival will accordingly provide its response to Interrogatory (k) within 30 days of its November 21, 2019 Letter.

**Interrogatory No. 2:**

Identify all other payments made by Carnival relating to its use of the Subject Property not identified in Interrogatory No. 1(*l*), and for each such payment state: (a) the amount; (b) the date; (c) the recipient; (d) the reason(s) for the payment; and (e) identify any agreement or document relating to the payment.

**Response to Interrogatory No. 2:**

Carnival objects to providing payment information, as no claim or defense theory available here relates to whether Carnival made payments for use of the Subject Property or the amount of those payments, and therefore, providing such information is overly burdensome and not proportional to the needs of the case. Carnival further objects to providing payment information on the grounds that it would result in the unwarranted disclosure of Carnival's sensitive non-

public proprietary information or trade secret material that would result in an unfair advantage to Carnival's competitors.

Carnival will not respond to this Interrogatory at this time, but will meet and confer with Plaintiff to resolve these objections.

### D. Limitation of Production to Havana.

**Nature of Dispute:** Plaintiff seeks documents regarding Carnival's operations in Cuba. Carnival Corporation has limited its responses to production of documents related to Havana only. Plaintiff does not accept that limitation.

**Discovery Requests at Issue:**

**Document Request No. 2:**
All documents and communications between Carnival and the Cuban Government relating to Carnival's carrier services from the United States to Cuba.

**Response to Request No. 2:**
Carnival objects to this Request because it is overbroad, unduly burdensome, and oppressive in that seeks the production of each and every document and communication within Carnival's control that concerns carrier services to "Cuba," without regard to the property at issue in this case. Carnival further objects to this Request because it is not proportional to the needs of the case because it calls for the production of each and every document and communication within Carnival's knowledge and control that would result in the production of volume of documents and communications without regard to the context of this litigation.

Subject to and without waiving the foregoing objections, Carnival will agree to conduct a diligent search and produce responsive documents following a meet and confer to narrow the request through the use of custodians and search terms or otherwise.

**Document Request No. 3:**
All documents sufficient to identify all the payments made by Carnival to the Cuban Government, identifying the date, amount, and the purpose of each payment.

**Response to Request No. 3:**
Carnival objects to this Request to the extent it seeks or calls for the production of documents or information concerning all payments to the "Cuban Government" that is not relevant, material or necessary to the needs of this case because (1) this case concerns only Havana, not Cuba generally, (2) Carnival's payments in Cuba are not relevant to determining whether

Carnival trafficked in the Subject Property or whether Carnival's use of the Subject Property was lawful. Carnival further objects to providing payment information on the grounds that it would result in providing Carnival's confidential non-public proprietary information or trade secret material that would result in an unfair advantage to Carnival's competitors. Carnival also objects to this request because the term "sufficient" and "payment" are vague and ambiguous. Carnival further objects to this request to the extent that it seeks or calls for the production of documents or information that would lead to the unwarranted disclosure and discussion of sensitive competitive information, including, but not limited to, confidential information about Carnival's processes, operations, procedures, or other non-public information that is in no way relevant to any party's claim or defense in this litigation and that would lead to substantial harm to Carnival's competitive position.

Carnival will not produce documents in response to this request, but will meet and confer with Plaintiff to narrow the Request.

**Document Request No. 4:**

All documents sufficient to identify all the payments made by Carnival to anyone in Cuba that is not a member of, or affiliated with, the Cuban Government, identifying the date, amount, and the purpose of each payment.

**Response to Request No. 4:**

Carnival objects to this Request because it is overbroad, unduly burdensome and oppressive to the extent it calls for the production of "all" documents that identify payments made to "anyone in Cuba" for any reason, and for any time. Carnival further objects to this Request to the extent it seeks or calls for the production of documents or information concerning payments to anyone other than the Cuban Government that is not relevant, material or necessary to the needs of this case because (1) this case concerns only Havana, not Cuba generally, (2) Carnival's payments in Cuba are not relevant to determining whether Carnival trafficked in the Subject Property or whether Carnival's use of the Subject Property was lawful. Carnival further objects to providing payment information on the grounds that it would result in the unwarranted disclosure of Carnival's sensitive non-public proprietary information or trade secret material that would result in an unfair advantage to Carnival's competitors. Carnival further objects to this Request because it is vague, ambiguous, and confusing. For example, the terms "affiliated" and "member" are undefined and Carnival is not able to determine how the Government of Cuba classifies or categorizes each and every individual in that country. Further, this request seeks or calls for the production of documents concerning the term "Payment" without regard to time, scope, or context, which is vague, ambiguous, and confusing. Carnival further objects to this request to the extent that it seeks or calls for the production of documents or information that would lead to the unwarranted disclosure and discussion of sensitive competitive information, including, but not limited to, confidential information about Carnival's processes, operations, procedures, or other non-public

8

information that is in no way relevant to any party's claim or defense in this litigation and that would lead to substantial harm to Carnival's competitive position.

Carnival will not produce documents in response to this request, but will meet and confer with Plaintiff to narrow the Request.

**Document Request No. 7:**

All documents, communications, and studies created by Carnival or any party related to anchoring offshore Cuba.

**Response to Request No. 7:**

Carnival objects to this Request because it is unduly burdensome and oppressive. For example, this Request seeks or calls for the production of documents or information created by "any party," related to anchoring in Cuba, even though this dispute concerns only Carnival's cruises to Havana. Carnival further objects to this request to the extent it seeks or calls for the production of documents and communications protected by attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving the foregoing objections, Carnival will agree to conduct a diligent search and produce responsive documents following a meet and confer to narrow the Request through the use of custodians and search terms or otherwise.

**Document Request No. 9:**

All documents and communications between Carnival and any agency of the United States Government concerning Carnival's carrier services from the United States to Cuba, including (a) all applications, and extensions or renewals, for any license or authorization, and the licenses and authorization, from OFAC; (b) all applications, and extensions or renewals, for any license, authorization or permit, and the licenses, authorizations and permits, from any other agency of the United States Government; (c) all documents concerning any violation of law, regulation, or of any condition of any license or permit; and (d) audits, inspections and reviews.

**Response to Request No. 9:**

Carnival further objects to this Request because it is unduly burdensome and oppressive because it seeks all communications between Carnival and any member of the Government relating to Carrier Services to Cuba, even if those communications have nothing to do with the Carrier Servicers at issue in this case, which relates only to cruises to Havana beginning in 2016. Carnival further objects to this Request to the extent that it seeks or calls for the production of documents or information concerning carrier services to "Cuba" that is not relevant, material or necessary to this action because it is potentially unlimited in time and scope and, thus, is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Carnival will agree to conduct a diligent search and produce responsive documents following

a meet and confer to narrow the Request through the use of custodians and search terms or otherwise. Carnival will further agree to produce its licenses and license applications. Carnival states that it is aware of no documents relating to violations of its licenses or audits relating to its licenses.

**Document Request No. 10:**

All documents retained by Carnival as required by the United States Government, including under 31 C.F.R. § 501.572, concerning its carrier services to Cuba.

**Response to Request No. 10:**

Carnival objects to the Request because 31 C.F.R. § 501.572 does not exist. Carnival objects to this Request because it is unduly burdensome, overbroad, and oppressive to the extent it seeks or calls for the production of "all" documents Carnival is required to retain concerning carrier services to "Cuba," even though this suit only involves cruises to Havana beginning in 2016.

Subject to and without waiving the foregoing objections, Carnival will produce documents responsive to this Request relating to its cruises to Havana.

**Document Request No. 11:**

All documents retained by Carnival as required by the Cuban Government concerning its carrier services to Cuba.

**Response to Request No. 11:**

Carnival objects to this Request to the extent that it seeks or calls for the production of a potentially limitless scope of documents or information concerning carrier services to "Cuba" that is not relevant, material or necessary to this suit, which relates only to Carrier services to Havana. Carnival further objects to this Requests on the grounds that it is vague, ambiguous and confusing because it is not known what is meant by the term "required;" for example, whether it means by law, contract, or otherwise.

Subject to and without waiving the foregoing objections, Carnival will produce documents responsive to this Request concerning its carrier services in Havana.

**Document Request No. 12:**

All documents, including marketing, advertising, and webpages, describing all the shore excursions and activities offered by Carnival for Cuba, including all the activities on each excursion and the cost of each excursion.

**Response to Request No. 12:**

Carnival objects to this Requests because the term "activities" is vague, overbroad, and potentially limitless in scope. Carnival further objects to this Request because it is unduly burdensome and oppressive to the extent it seeks or calls for the production of "all documents" concerning "activities" offered by Carnival beyond shore excursions. Carnival further objects to this Request to

the extent that it seeks or calls for the production of a potentially limitless scope of documents or information concerning carrier services to "Cuba" that is not relevant, material or necessary to Carnival's use of the Subject Property in Havana and, thus, is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Carnival will produce documents responsive to this request concerning shore excursions offered to passengers at Havana.

**Document Request No. 13:**

All marketing and advertising materials, including press releases, published or otherwise disseminated by Carnival concerning its carrier services to Cuba.

**Response to Request No. 13:**

Carnival objects to this Request to the extent it seeks or calls for the production of documents or information concerning carrier services to "Cuba" that is not relevant, material or necessary to issues relating to Carnival's use of the Subject Property in Havana and, thus, is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Carnival will produce documents responsive to this Request relating to its carrier services to Havana.

**Document Request No. 20:**

All documents sufficient to identify all passengers who bought and/or used a shore excursion offered by Carnival for Cuba, including all the activities on the excursions and the amount paid for each such excursion.

**Response to Request No. 20:**

Carnival further objects to this Request to the extent it seeks or calls for the production of documents or information concerning carrier services to "Cuba" that is not relevant, material or necessary to whether Carnival's use of the Subject Property in Havana was lawful and, thus, is not proportional to the needs of the case. Carnival further objects to this request because it calls for price information that is not relevant to any claim or defense in this suit.

Subject to and without waiving the foregoing objections, Carnival will produce documents responsive to this request relating to shore excursions offered for cruises in Havana. Carnival will not separately produce pricing information.

**Document Request No. 25:**

All documents sufficient to identify by name, title, department, and location of all Carnival employees who communicated with any member of the United States Government, including OFAC, concerning its carrier services from the United States to Cuba, including its use of the Subject Property.

**Response to Request No. 25:**
Carnival further objects to this Request because it seeks or calls for the production "all" of documents or information "sufficient" to identify "all" Carnival employees, which is unduly burdensome and oppressive. Carnival further objects to this Request to the extent it seeks or calls for the production of documents or information concerning Carnival employee communications regarding carrier services to "Cuba" that is not relevant, material or necessary to Carnival's use of the Subject Property in Havana and, thus, is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Carnival agrees to conduct a diligent search and produce responsive documents following a meet and confer to narrow the Request through the use of custodians and search terms or otherwise.

**Document Request No. 26:**
All documents sufficient to identify by name, title, department, and location of all Carnival employees who communicated with the Cuban Government concerning its carrier services from the Unites States to Cuba, including its use of the Subject Property.

**Response to Request No. 26:**
Carnival further objects to this Request because it seeks or calls for the production "all" of documents or information "sufficient" to identify "all" Carnival employees by name, title, department, and location, which is unduly burdensome and oppressive. Carnival further objects to this Request to the extent it seeks or calls for the production of documents or information concerning Carnival employee communications regarding carrier services to "Cuba" that is not relevant, material or necessary to Carnival's use of the Subject Property in Havana and, thus, is not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Carnival will agree to conduct a diligent search and produce responsive documents following a meet and confer to narrow the Request through the use of custodians and search terms or otherwise.

**Document Request No. 32:**
All documents sufficient to identify all accidents or injuries experienced by a Carnival passenger during a shore excursion in Cuba.

**Response to Request No. 32:**
Carnival objects to this Request to the extent it seeks personally sensitive medical records that are neither relevant to any claim, defense, or damages in this action. Carnival further objects because the Request is overbroad in that it seeks information related to Cuba generally even though this action concerns only Havana.

Subject to and without waiving the foregoing objections, Carnival will produce a list of Guests who suffered accidents or injuries on shore excursions

in Havana following the Parties agreement on a Confidentiality Order that will protect this sensitive personal information.

**Document Request No. 33:**
All documents relating to any construction, improvements or renovations, of any port or dock facility in Cuba, including the cost or replacement value of any such construction, improvements or renovations.
**Response to Request No. 33:**
Carnival objects to this Request because it is unduly burdensome and oppressive to the extent it seeks or calls for Carnival to produce documents and information related to "any port" or "dock facility" in "Cuba" based on information that is in the knowledge, custody, or control of other entities. Carnival further objects to this Request to the extent it seeks or calls for the production of documents or information that is not relevant, material or necessary to any claim or defense in this case. For example, documents and information related to the "construction," "improvement," and renovation of "any" port or dock facility by other entities is not relevant to the issue of whether Carnival's trafficked in the Subject Property in Havana and, thus, is not proportional to the needs of the case.
Subject to and without waiving the foregoing objections, Carnival will agree to conduct a diligent search and produce responsive documents following a meet and confer to narrow the Request through the use of custodians and search terms or otherwise.

**Interrogatory No. 1(j):**
Identify all Carnival ships that have docked at or used the Subject Property, and please state the following for each such ship: . . .(j) the names of the passengers onboard the ship disembarking at each destination in Cuba;
**Response to Interrogatory No. 1(j):**
j. Carnival objects to providing disembarkation information for each port because such information is overly burdensome and not proportional to the needs of this case, as this action relates only to Carnival's use of the Subject Property, not any other property.

**Interrogatory No. 1 (k)**
Identify all Carnival ships that have docked at or used the Subject Property, and please state the following for each such ship: . . . (k) all Cuban shore excursions offered by Carnival or any other party to the passengers on the ship, the price of each excursion, and the total number of such excursions purchased.
**Response to Interrogatory No. 1(k):**
Carnival objects to the subparts of this Interrogatory as follows:
k. Carnival objects to providing information about shore excursions offered at any port other than Havana because such information is overly burdensome and not proportional to the needs of this case.

13
**Colson Hicks Eidson**
**255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444**

Carnival further objects to providing payment and sales information on the grounds that it would result in the unwarranted disclosure of Carnival's sensitive non-public proprietary information or trade secret material that would result in an unfair advantage to Carnival's competitors. . . .

Subject to and without waiver of the General Objections and the foregoing objections, Carnival has already attached responses to sub parts (a)-(i) and (k) to these Interrogatories. Carnival is also attaching additional responsive information to subsection 1(c)-(d). On agreement of counsel, Carnival understands that Havana Docks will not pursue sub part (j). Carnival will accordingly provide its response to Interrogatory (k) within 30 days of its November 21, 2019 Letter.

### E. Claims Against Carnival.

**Nature of Dispute:** Plaintiff seeks information regarding claims, allegations, complaints, or lawsuits that Carnival received or has knowledge about. Carnival objects.

**Document Request at Issue:**

**Document Request No. 24:**
All documents related to claims, allegations, complaints, or lawsuits (filed or unfiled, open or closed) received by Carnival or of which Carnival is aware concerning the LIBERTAD Act.

**Response to Request No. 24:**
Carnival further objects to this Request to the extent it seeks or calls for the production of documents or information concerning all "claims," "allegations," "complaints," or "lawsuits" concerning the LIBERTAD Act as not relevant, material or necessary to any issue in the case. Carnival further objects to this Request to the extent it seeks attorney-client or work-product protected information.

Carnival will not produce documents in response to this Request.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), the undersigned certify that they conferred with counsel for the Defendant, in multiple telephonic conferences and e-mails, in a

good faith effort to resolve the issues raised in this Notice. The parties have been unable to resolve the issues raised in this Notice.

DATED: July 3, 2020.                    Respectfully submitted,

                                              **COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
E-mail: eservice@colson.com

By: s/ Stephanie A. Casey
Roberto Martínez
Florida Bar No. 305596
bob@colson.com
Stephanie A. Casey
Florida Bar No. 97483
scasey@colson.com
Aziza F. Elayan-Martinez
Florida Bar No. 92736
aziza@colson.com
Zachary A. Lipshultz
Florida Bar No. 123594
zach@colson.com

- and -

**MARGOL & MARGOL, P.A.**
2029 3rd Street North
Jacksonville Beach, Florida 32250
Telephone: (904) 355-7508
Facsimile: (904) 619-8741

Rodney S. Margol
Florida Bar No. 225428
Rodney@margolandmargol.com

*Attorneys for Plaintiff Havana Docks Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court.  I also certify that the foregoing document is being served this 3 July 2020, on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                By: s/ Stephanie A. Casey
                                Stephanie A. Casey