# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

HAVANA DOCKS CORPORATION,

       Plaintiff,

Case No.: 19cv21724-BLOOM/MCALILEY

vs.

CARNIVAL CORPORATION,

       Defendant.

_____/

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Havana Docks Corporation ("Havana Docks") requests leave to file a second amended complaint to allege additional entities and divisions affiliated with Defendant Carnival Corporation ("Carnival") that Carnival identified in discovery that were involved in its cruises to Cuba and that Havana Docks has reason to believe trafficked on the Subject Property.

## BACKGROUND

On April 20, 2020, Havana Docks filed a first amended complaint against Carnival asserting one count under Title III of the LIBERTAD Act. (ECF No. 81.) The amended complaint alleges trafficking by Carnival from 1996 through 2019. (*See id.* at ¶¶ 24 – 44.) On September 25, 2020 Carnival served its Answer to Amended Complaint and Affirmative Defenses ("the Answer"). (ECF No. 130)

Since the filing of the first amended complaint, pursuant to document and deposition discovery ordered by Magistrate Judge Chris McAliley, the evidence

Carnival was ordered to produce identified that Carnival controls or controlled, owns or owned (directly or indirectly), and/or operates or operated as or through Carnival plc (formerly P&O Princess Cruises), numerous entities and divisions, in addition to Carnival Cruise Line, that were involved in its cruises to Cuba, including the following:

- Fathom Travel Ltd.;
- HAL Nederland N.V.;
- Costa Crociere S.p.A.; and,
- Airtours Plc.

Havana Docks now seeks leave to file a second amended complaint to allege by name in paragraph 2 of the proposed Amended Complaint the additional Carnival-affiliated entities identified above that it has reason to believe cruised to Cuba after November 1, 1996 and used the Subject Property. (*See* **Exhibit A** at ¶ 2.) There are no other new allegations.

The deadline to amend pleadings is September 28, 2020. (ECF No. 103.)

## LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A plaintiff should be afforded the opportunity to test their claim on the merits as long as the underlying facts or circumstances may properly warrant relief.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In any event, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman*, 371 U.S. at 182.

## ARGUMENT

Havana Docks respectfully requests leave to file a second amended complaint, attached as **Exhibit A**, to allege by name additional Carnival affiliated entities and divisions that Havana Docks has reason to believe cruised to Cuba after November 1, 1996 and trafficked on the Subject Property. This amendment will allow Havana Docks to further develop the continuing nature of Carnival's trafficking and will pre-empt any argument by Carnival (in discovery or at trial) that its conduct through these entities is not encompassed by the pleadings in this case. *See Foman*, 371 U.S. at 182 ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). This motion is being filed within the deadline to amend pleadings and add parties. Havana Docks waited until the receipt of the Answer, which was filed and served on Friday, September 25, 2020, before seeking leave to amend the first amended complaint.

## CONCLUSION

For the foregoing reasons, Havana Docks respectfully requests leave to file a second amended complaint, attached here as **Exhibit A**.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel for Plaintiff, Roberto Martinez, Esq., certifies that he contacted counsel for Defendant, Stuart Singer, Esq., in a good faith effort on September 28, 2020 to resolve the issue raised in the motion. Mr. Singer advised Mr. Martinez that September 28th was a religious holiday which he was observing. Mr. Singer further told Mr. Martinez that he would need to review the request with his client, and would seek to get a response as soon as possible, hopefully within 48 hours.

Mr. Martinez deeply regrets contacting Mr. Singer on the holiday.

Plaintiff is required to file this motion by today, as today is the deadline to amend the pleadings. Counsel for Plaintiff will further confer with counsel for Defendant after the holiday, and if there is agreement on the relief requested, will so notify the Court immediately.

September 28, 2020

Respectfully submitted,

**COLSON HICKS EIDSON, P.A.**
255 Alhambra Circle, Penthouse
Coral Gables, Florida 33134
Telephone: (305) 476-7400
Facsimile: (305) 476-7444
E-mail: eservice@colson.com

By: <u>s/ Roberto Martínez</u>
Roberto Martínez, Esquire
Florida Bar No. 305596
bob@colson.com
Stephanie A. Casey, Esquire
Florida Bar No. 97483
scasey@colson.com
Aziza F. Elayan-Martínez, Esquire
Florida Bar No. 92736
aziza@colson.com
Zachary Lipshultz
Florida Bar No. 123594
zach@colson.com

- and -

**MARGOL & MARGOL, P.A.**
2029 3rd Street North
Jacksonville Beach, Florida 32250
Telephone: (904) 355-7508
Facsimile: (904) 619-8741

Rodney S. Margol, Esquire
Florida Bar No. 225428
Rodney@margolandmargol.com

*Attorneys for Plaintiff Havana Docks Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of the Court.  I also certify that the foregoing document is being served this 28 September 2020, on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                By: s/ Roberto Martínez
                                    Roberto Martínez

**Colson Hicks Eidson**
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134-5008 Telephone: (305) 476-7400 Fax: (305) 476-7444