UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-21724-BLOOM/McAliley

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

### ORDER

**THIS CAUSE** is before the Court upon Plaintiff Havana Docks Corporation's ("Havana Docks" or "Plaintiff") Motion for Leave to File Second Amended Complaint. ECF No. [131] ("Motion"). Defendant Carnival Corporation ("Defendant") filed its response in opposition, ECF No. [136] ("Response"), to which Plaintiff replied, ECF No. [144] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I. BACKGROUND**

Plaintiff initated this action against Defendant pursuant to Title III of the Cuban Liberty and Democratic Solidarity Act, 22 U.S.C. § 6021 ("Helms-Burton Act"), on May 2, 2019. ECF No. [1]. This Court subsequently granted Havana Docks' request to file its Amended Complaint ("Complaint"), which it filed on April 20, 2020. ECF No. [81]. This Court also issued its Amended Order Setting Trial and Pre-trial Schedule Requiring Mediation, and Referring Certain Matters to Magistrate Judge, ECF No. [80] ("Scheduling Order"), which set the deadline to file all motions to join parties or amend pleadings by June 19, 2020. *Id.* at 2. Upon Plaintiff's motion, this Court

extended the deadline to join parties or to amend pleadings until September 28, 2020. *See* ECF No. [103].

On September 28, 2020, Plaintiff filed the instant Motion, requesting leave to amend its Complaint a second time, ECF No. [131], to add additional allegations naming entites controlled, owned, or operated by Defendant that were involved in Defendant's cruise business in Cuba and used the property at issue in this case. Defendant filed its Response on October 16, 2020, opposing the requested amendment on the grounds that Havana Docks unduly delayed in moving to amend and that such amendment would be highly prejudicial to Defendant, who would have to engage in additional and extensive discovery to produce evidence on these newly alleged entities. Defendant further requests that the discovery deadline and all corresponding pre-trial deadlines be extended an additional 90 days if the Court grants Plaintiff's Motion. On October 23, 2020, Plaintiff filed its Reply, which primarily notes that the amendment was filed within the time set by the Court, and argues that there is no undue delay or prejudice to Defendant in light of the parties' agreement on the appropriate scope of discovery. In addition, Havana Docks notes its opposition to the requested 90-day extension of the pre-trial deadlines and requests that the Court maintain the current trial date set to begin on May 10, 2021.

**II. LEGAL STANDARD**

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay,[1]

---

[1] "[A] district court has discretion to deny leave to amend when the moving party's delay was the result of bad faith, dilatory tactics, or sheer inadvertence, or when the moving party offers no adequate explanation

>bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice[2] to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure

---

for a lengthy delay." *In re Engle Cases*, 767 F.3d 1082, 1119 (11th Cir. 2014); *see Carruthers v. BSA Adver., Inc.*, 357 F.3d 1213, 1217 (11th Cir. 2004) (affirming the denial of leave to amend where the moving party offered no explanation for why she could not have included the proposed amended pleadings in her original complaint or her first amended complaint); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (affirming denial where "[t]he facts upon which the claims . . . were based were available at the time the complaints were filed"); *Streaminn Hub Inc. v. Gayle*, No. 18-24684-CIV, 2020 WL 4501801, at *1 (S.D. Fla. May 11, 2020). "Although generally, the mere passage of time, without more, is an insufficient reason to deny leave to amend a complaint, undue delay may clearly support such a denial." *Pines Props., Inc. v. Am. Marine Bank*, 156 F. App'x 237, 240 (11th Cir. 2005) (citing *Hester v. Int'l Union of Operating Eng'rs, AFL-CIO*, 941 F.2d 1574, 1578-79 (11th Cir. 1991)). Further, whether a parties' delay is undue depends on: "(1) the amount of time movant knew of the claim prior to seeking leave to amend; (2) the amount of time movant delayed in seeking to amend the complaint upon learning of the claim; (3) the reason offered for the delay; and (4) the stage of the litigation proceedings." *Yule v. Ocean Reef Cmty. Ass'n*, No. 19-10138-CIV, 2020 WL 5216993, at *2 (S.D. Fla. Sept. 1, 2020) (citing *Lesman v. Specialized Loan Servicing, LLC*, No. 1:14-cv-02007-ELR-AJB, 2015 WL 13773978, at *4 (N.D. Ga. Jan. 16, 2015); *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041-42 (11th Cir. 2006))).

[2] "Rule 15 facilitates the amendment of pleadings 'so long as the defendant does not suffer any prejudice as a result.'" *Menudo Int'l, LLC v. In Miami Prod., LLC*, No. 17-CIV-21559, 2018 WL 8311386, at *4 (S.D. Fla. Jan. 12, 2018) (quoting *Ward v. Glynn Cty. Bd. of Commissioners*, [No. CV 215-077,] 2016 WL 4269041, at *8 (S.D. Ga. Aug. 11, 2016)).

>An amendment to a complaint may be prejudicial "if the opponent would be required to engage in significant new preparation at a late stage of the proceedings, if the defendant would be put to added expense and the burden of a more complicated and lengthy trial, or if the issues raised by the amendment are remote from the other issues in the case and might confuse or mislead the jury."

*Ultimate Fitness Grp., LLC v. Anderson*, No. 18-cv-60981, 2019 WL 8810370, at *3 (S.D. Fla. Jan. 30, 2019) (quoting *Dannebrog Rederi AS v. M/Y True Dream*, 146 F. Supp. 2d 1307, 1315 (S.D. Fla. 2001)); *see also Carruthers*, 357 F.3d at 1218 ("granting the motion [for leave to amend] likely would have further delayed proceedings and prejudiced [defendant], which had completed discovery and would have had to conduct additional discovery . . ."); *Cordova v. Lehman Bros., Inc.*, 237 F.R.D. 471, 477 (S.D. Fla. 2006) (denying leave to amend in part because allowing the amendment would prejudice the defendants, who had "expended large amounts of time and resources in drafting the motions to dismiss," by forcing them to "conduct further research and adjust their arguments yet again").

to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Likewise,

> A court may weigh in the movant's favor any prejudice that will arise from denial of leave to amend. That consideration arises only if there are substantial reasons to deny the amendment. Otherwise, rule 15(a) requires the trial judge to grant leave to amend whether or not the movant shows prejudice. Finally, it is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation.

*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (citations omitted).[3] Ultimately, "[t]he thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" *Menudo Int'l, LLC*, 2018 WL 8311386, at *4 (quoting *In re Engle Cases*, 767 F.3d at 1108; *Foman*, 371 U.S. at 182)).

## III. DISCUSSION

Havana Docks has timely sought the Court's permission to file the Second Amended Complaint in compliance with the Court's September 28, 2020, deadline. Thus, absent any apparent or compelling reason for denial, leave to amend should be freely given, as required by Rule 15(a)(2). *See Foman*, 371 U.S. at 182. Defendant argues that Havana Docks' Motion should be denied because Plaintiff has been aware of the entities it seeks to name in the Second Amended Complaint since before the filing of this lawsuit and its failure to seek leave to amend at any earlier point in this litigation clearly indicates that it unduly delayed in moving to amend. Moreover, Defendant contends that allowing amendment at this late stage in the proceedings would be highly prejudicial

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals of the Fifth Circuit issued prior to October 1, 1981.

to Defendant, who would have to incur significant costs to engage in the additional discovery required.

In light of the fact that Plaintiff filed its Motion within the time period the Court set for the deadline to amend, the Court is unpersuaded by Defendant's arguments regarding Havana Docks' alleged undue delay in seeking to amend. *See Alonso v. Sch. Bd. of Collier Cty., Fla.*, No. 2:16-cv-379-FtM-38MRM, 2018 WL 9617244, at *2 (M.D. Fla. Dec. 28, 2018) ("Plaintiffs acted in compliance with the Court's Amended Case Management and Scheduling Order. Accordingly, the Court declines to find undue delay even though this action was filed over two years ago and Plaintiffs' learned of the ELCATE Academy over one year ago."); *Sher v. Raytheon Co.*, No. 8:08-cv-889-T-33AEP, 2010 WL 11507785, at *2 (M.D. Fla. Feb. 22, 2010) (finding no undue delay when motion for leave to amend was filed prior to the deadline to amend even though the motion was filed two months before the discovery deadline and more than a year and a half after the litigation began); *cf. Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) ("This court has found delay to be undue where "both the parties and the court were fully prepared for trial and the addition of a new claim would have re-opened the pretrial process and delayed the trial and [where the plaintiff's] attorney had sufficient opportunity to request a timely amendment before the pretrial order had been submitted." (quoting *Nolin v. Douglas County*, 903 F.2d 1546, 1551 (11th Cir. 1990)). Further, Plaintiff has not been unreasonable in seeking to amend its Complaint, as evidenced by the motion seeking an extension of time to file a motion to amend that it filed on June 10, 2020. ECF No. [102]. That Plaintiff had to participate in discovery proceedings in order to solidify the claims presented in its Second Amended Complaint does not indicate undue delay.

Similarly, with regard to Defendant's argument that it will be unduly prejudiced if the requested amendment is permitted, the Court notes that the parties have almost three months to

engage in ongoing dicovery before the January 12, 2021, discovery deadline. The Court does not find Defendant's alleged prejudice to be so significant as to bar amendment, which should otherwise be freely granted before the expiration of the amendment deadline under the Federal Rules of Civil Procedure. Indeed, the proposed amendment appears to require limited additional discovery beyond that which the parties have already been exchanging. Thus, the Court concludes that permitting the amendment here is not precluded by either undue delay or prejudice. *See Holland v. Hunter Douglas, Inc.*, No. 18-cv-60479, 2018 WL 7082666, at *1 (S.D. Fla. June 25, 2018); *Waite v. All Acquisition Corp.*, No. 15-cv-62359, 2016 WL 2346768, at *12 (S.D. Fla. Mar. 10, 2016).

Based on the discussion above, Plaintiff's Motion is granted. Additionally, while the Court believes that the remaining three months left in the discovery period is sufficient, it will nonetheless extend the discovery deadline to **February 5, 2021**, and the deadline to file all pre-trial motions to **February 19, 2021**. All other deadlines in this Court's Scheduling Order, ECF No. [80], shall remain in place.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [131]**, is **GRANTED**. Havana Docks must separately refile the Second Amended Complaint, **ECF No. [131-1]**, **by no later than October 30, 2020**.

2. All discovery, including expert discovery, shall be completed **by no later than February 5, 2021**.

3. The deadline to file all pre-trial motions, dispositive motions, motions *in limine*, and *Daubert* motions (including motions to strike experts) is **February 19, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 27, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record