## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-21724-BLOOM/McAliley

HAVANA DOCKS CORPORATION,

        Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
Carnival Cruise Lines, a foreign corporation,

        Defendant.

_____/

## CARNIVAL CORPORATION'S MOTION TO COMPEL THE PRODUCTION OF REDACTED COMMUNICATIONS WITH GOVERNMENT LOBBYISTS

Pursuant to Federal Rule of Civil Procedure 37(a) and the March 12, 2021, order of this Court [D.E. 230], Defendant Carnival Corporation ("Carnival"), by and through the undersigned counsel, files this Motion to Compel Plaintiff Havana Docks Corporation ("Havana Docks") to produce redacted communications to public relations government lobbyists Plaintiff has withheld on the basis of the work-product privilege.  In support of this motion, Carnival states as follows:

### INTRODUCTION

On January 11, 2021, the Court held a hearing, among other things, on the parties' privilege log disputes.  At the conclusion of the hearing, the Court ordered the parties to engage in a labor intensive," and "very robust exchange of information.[1]"  The Court further ordered the parties to submit a briefing schedule for the disputed privilege entries that remained after the parties'

---

[1] Ex 1, January 11, 2021, Discovery Hearing Transcript, 100:12–21.

conferral.[2]  Pursuant to the Court's order, Carnival and Plaintiff have engaged in a candid and substantive conferral process over the course of several days.

As a result of the conferral process, Plaintiff de-designated and produced a total of 67 documents from its amended privilege log.  Of the 67 de-designated documents Plaintiff produced, 36 were produced with redactions.  After carefully reviewing the de-designated documents in view of the corresponding privilege log entries and the parties earlier conferrals, Carnival requested a follow up conferral on 24 of the de-designated documents.  The de-designated documents in question primarily contain discussions with public relations government lobbyists without any attorney or legal advice included in the communications.  After conferring with Plaintiff on those documents, Carnival seeks the production of 10 de-designated documents without redactions on the basis that neither Plaintiff's privilege log entries, the plain language of the documents, nor Plaintiff's explanations in conferral show how instructions to, and summaries from, public relations government lobbyists concerning efforts to influence the Department of State, the Department of Treasury, or the National Security Council to facilitate the filing of law suits were made for the purpose of rending legal services.

## LEGAL STANDARD

The purpose of the attorney work-product protection is straight-forward: "protect the integrity of the adversary process" by allowing lawyers to work within a degree of privacy from the opposing party and its counsel.  *Drummond Co., Inc. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1335 (11th Cir. 2018) (citing *Hickman v. Taylor*, 329 U.S. 495, 510 (1947)).  Federal procedural rule 26 codifies the protections prescribed by the Supreme Court in *Hickman v. Taylor*, protecting the documents and tangible things that parties, their lawyers, and their consultants

---

[2] *Id.* at 104:18–23.

prepare in anticipation of litigation. 329 U.S. 495, 510 (1947); Fed. R. Civ. P. 26(b)(3) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)"). However, this powerful protection "extends only to work product made for the purpose of facilitating the rendition of *legal services* to the client."[3]  *In re Grand Jury Investigation*, 769 F.2d 1485, 1487 (11th Cir. 1985); *Ala. Aircraft Indus., Inc. v. Boeing Co.*, 2016 WL 9781826, at *5 (N.D. Ala. Mar. 24, 2016), (non-lawyer work is only protected "to the extent it contributes or amounts to *legal work*").

It is not enough to simply claim the privilege of work-product protection; the underlying facts must demonstrate the legal nature of each document and show that each document was specifically created in anticipation of litigation. *See Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1288 (S.D. Fla. 2012) (McAliley, J.). "A failure of proof as to any element causes the claim of privilege to fail." *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 639 (S.D. Fla. 2011) (McAliley, J.) (quoting *N.C. Elec. Membership Corp. v. Carolina Power & Light Co.*, 110 F.R.D. 511, 515 (M.D. N.C. 1986)). This well-settled "heavy" burden is placed on the party claiming the privilege for good reason; privileges cut against a "predominant principle" of our judicial system: "utilizing all rational means for ascertaining truth." *Id.* (citing *U.S. v. Nixon*, 418 U.S. 683, 710 (1974)).

Though a court's fact-specific inquiry is required to determine privilege, as a general matter, "public relations advice, even if it bears on anticipated litigation, falls outside the ambit of protection of the so-called 'work product' doctrine embodied in Rule 26(b)(3), Fed.R.Civ.P." *A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, 2013 WL 6044342, at

---

[3] Emphasis added unless otherwise stated.

3

*2 (D. Conn. Nov. 14, 2013). Similarly, the work product doctrine does not protect pure lobbying work, even when conducted in parallel with ongoing or anticipated litigation. *See, e.g.*, *P. & B. Marina, Limited Partnership v. Logrande*, 136 F.R.D. 50, 59 (E.D.N.Y. 1991) ("[s]ummaries of legislative meetings, progress reports, and general updates on lobbying activities do not constitute legal advice and, therefore, are not protected by the work-product immunity"). That includes lawyers who "sometimes act as lobbyists." *In re Grand Jury Subpoenas dated March 9, 2001*, 179 F. Supp. 2d 270, 285 n.6 (S.D.N.Y. 2001) ("matters conveyed to the attorney for the purpose of having the attorney fulfill the lobbyist role do not become privileged by virtue of the fact that the lobbyist has a law degree or may under other circumstances give legal advice to the client"). An in camera review is appropriate where the party asserting privilege has done all that it reasonably could to establish privilege. *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D., n.4 (S.D. Fla. 2013) (quoting *Campero USA Corp.*, 916 F. Supp. 2d at n.4.)).

An *in camera* review of each of the ten redacted de-designated documents is warranted here based on the parties' conferral, the generic privilege log entries, and the text of the documents that show the sum and substance of each communication was made for the purpose of providing public relations and government lobbying services. Thus, if the Court determines that Plaintiff fails to show how the underlying facts demonstrate the legal nature of each document and that each document was specifically created for the rendition of legal services, Plaintiff should be compelled to produce each of the challenged documents without redactions.

## ARGUMENT

### A. Plaintiff Fails To Show How Each Document Was Prepared In Anticipation.

Plaintiff fails to established the legal nature of any of the ten challenged redacted documents, and fails to establish that any were prepared in anticipation of litigation. Plaintiff appears to rely on a self-serving layperson's sense of "in anticipation of litigation," meaning but

for an anticipated litigation the communications with lobbyists would not have been had.  That view looks right past the animating rationale of the work product privilege.  As courts in this district have explained, the "animating rationale" behind the work product privilege, especially when concerning non-lawyers, is to protect work that "contributes to or amounts to *legal work*." *Ala. Aircraft Indus., Inc.*, 2016 WL 9781826 at *5 (non-lawyer work is only protected "to the extent it contributes or amounts to *legal work*"); *In re Grand Jury Investigation*, 769 F.2d at 1487 (work product protection "extends only to work product made for the purpose of facilitating the rendition of *legal services* to the client.").  As stated more fully below, a review of each document shows how each communication was prepared for the purpose of providing non-legal services, primarily influencing the Department of State, the Department of Treasury, and the National Security Council.

              1.    <u>Plaintiff Has Not Shown That Document ███████████████ Was Prepared In Anticipation Of Litigation.</u>

Neither the privilege log entry for de-designated document ███████████████ nor the text of the document supports the assertion that it is was prepared in anticipation of litigation or for the purpose of providing legal services.  To the contrary, the text of the document supports the assertion that the non-attorney communication was prepared for the purpose of providing public relations and government lobbying services.  *P. & B. Marina, Limited Partnership*, 136 F.R.D. at 59 ("[s]ummaries of legislative meetings, progress reports, and general updates on lobbying activities do not constitute legal advice and, therefore, are not protected by the work-product immunity").  The privileges Plaintiff asserts for this document are common interest protection[4] and the work product privilege.  The privilege log document title for de-designated

---

[4] Plaintiff asserts that Havana Docks and non-party Javier Garcia-Bengochea were jointly represented and enjoy a common interest protection ███████████████.

document ████████████ indicates ████████████████████

████████████████████████[5].  The privilege log

describes the subject of the communication as ████████████████

████████████████████

An examination of the visible text of the de-designated communication reveals that is a ██

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

---

Carnival does not challenge Plaintiff's common interest assertion.  Carnival challenges the work product assertion.

[5] ████████████████████████████

████████████



The context of the correspondence and the non-lawyers involved, show that this communication was prepared for the rendition of public relations and government lobbying services, not legal services. *See In re Grand Jury Subpoenas*, 179 F. Supp. 2d at n.6; *Ala. Aircraft Indus., Inc.*, 2016 WL 9781826, at *5; *A & R Body Specialty & Collision Works, Inc*, 2013 WL 6044342 at *2. ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████ Plaintiff fails to show that it has met its heavy burden to claim the work product privilege.  *Campero USA Corp.*, 916 F. Supp. at 1288; *Bridgewater*, 286 F.R.D. at 639.  The text of de-designated document ████████████, coupled with the vague and non-descriptive privilege log description, warrants an *in camera* review in light of the parties' efforts to resolve the dispute over this document. *MapleWood Partners, L.P.*, 295 F.R.D. at n.4.  If the Court determines the redacted text is not privileged, Plaintiff should be compelled to produce de-designated document ██████████ without redactions.

---

6 ████████████████████████████████████████

████████████████████████████████

2.      <u>Plaintiff Has Not Shown That Document ▮▮▮▮▮▮▮▮▮ Was
Prepared In Anticipation Of Litigation.</u>

Neither the privilege log entry for de-designated document ▮▮▮▮▮▮▮▮▮ nor

the text of the document supports the assertion that it was prepared in anticipation of litigation or

for the purpose of providing legal services.  To the contrary, the text of the document supports the

assertion that this non-attorney communication was prepared for the purpose of providing public

relations and government lobbying services.  *P. & B. Marina, Limited Partnership*, 136 F.R.D. at

59.  The privileges Plaintiff asserts for this document are common interest protection and the work

product privilege.  The privilege log document title for de-designated document ▮▮▮▮▮▮

▮▮▮▮ indicates ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮  The privilege log describes the subject of the communication as

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

An examination of the text of the de-designated communication reveals that is ▮▮▮▮▮

▮▮ ▮▮ ▮ ▮▮ ▮▮▮ ▮▮ ▮▮▮ ▮▮ ▮▮▮ ▮ ▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮.

The context of the correspondence and the non-lawyers, lobbyists, and ambassador involved, this document reflects that it was prepared in the course of performing public relations and government lobbying services. *See In re Grand Jury Subpoenas*, 179 F. Supp. 2d at n.6; *Ala. Aircraft Indus., Inc.*, 2016 WL 9781826, at \*5; *A & R Body Specialty & Collision Works, Inc*, 2013 WL 6044342 at \*2. Protecting this document undermines the integrity of the adversary process and impairs Carnival's ability to ascertain the truth. *Drummond Co., Inc.*, 885 F.3d at 1335. Plaintiff fails to show that it has met its heavy burden to claim of privilege. *Campero USA Corp.*, 916 F. Supp. at 1288; *Bridgewater*, 286 F.R.D. at 639. The text of de-designated document ███████, coupled with the vague and non-descriptive privilege log description, warrants an *in camera* review. *MapleWood Partners, L.P.*, 295 F.R.D. at n.4. If the Court determines the redacted text is not privileged, the Plaintiff should be compelled to produce de-designated document ███████████ without redactions.

        3.    <u>Plaintiff Has Not Shown That Document ███████████ Was Prepared In Anticipation Of Litigation.</u>

Neither the privilege log entry for de-designated document ████████████ nor the text of the document supports the assertion that it is legal in nature or was prepared for the rendition of legal services. To the contrary, the text of the document supports the assertion that the non-attorney communication was prepared for the purpose of providing public relations and government lobbying services. *P. & B. Marina, Limited Partnership*, 136 F.R.D. at 59. The privileges Plaintiff asserts for this document are common interest protection and the work product privilege. The privilege log document title for de-designated document ███████████ indicates ███████████████. The privilege log describes the subject of the communication as ████████████████████████████ ██.

An examination of the text of the de-designated communication reveals that the document

is 

The context of the correspondence and the non-lawyers and lobbyists involved, this document reflects that it was prepared in the course of seeking and performing public relations and government lobbying services, not legal services. *See In re Grand Jury Subpoenas*, 179 F. Supp. 2d at n.6; *Ala. Aircraft Indus., Inc.*, 2016 WL 9781826, at *5; *A & R Body Specialty & Collision Works, Inc*, 2013 WL 6044342 at *2.  Protecting this document undermines the integrity of the adversary process and impairs Carnival's ability to ascertain the truth. *Drummond Co., Inc.*, 885 F.3d at 1335.  Plaintiff fails to show that it has met its heavy burden to claim of privilege. *Campero USA Corp.*, 916 F. Supp. at 1288; *Bridgewater*, 286 F.R.D. at 639.  The text of de-designated document ████████████████, coupled with the vague and non-descriptive privilege log description, warrants an *in camera* review. *MapleWood Partners, L.P.*, 295 F.R.D. at n.4.  If the Court determines the redacted text is not privileged, the Plaintiff should be compelled to produce de-designated document ████████████████ without redactions.

    4.    <u>Plaintiff Has Not Shown That Document ████████████████ Was Prepared In Anticipation Of Litigation.</u>

Neither the privilege log entry for de-designated document ████████████████ nor the text of the document supports the assertion that it was prepared in anticipation of litigation or

for the purpose of providing legal services.  To the contrary, the text of the document supports the assertion that the non-attorney communication was prepared for the purpose of providing public relations and government lobbying services.  *P. & B. Marina, Limited Partnership*, 136 F.R.D. at 59.  The privileges Plaintiff asserts for this document are common interest protection and the work product privilege.  The privilege log document title for de-designated document ███████ ██████ indicates ████████████████████████████.  The privilege log describes the subject of the communication as ████████████████████████████ ██████████████████████

     An examination of the text of the de-designated communication reveals that is ██████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████

     The context of the correspondence and the non-lawyers and lobbyists involved, this document reflects that it was prepared for the purpose of providing public relations and government lobbying services, not legal services.  *See In re Grand Jury Subpoenas*, 179 F. Supp.

2d at n.6; *Ala. Aircraft Indus., Inc.*, 2016 WL 9781826, at *5; *A & R Body Specialty & Collision Works, Inc*, 2013 WL 6044342 at *2. Protecting this document undermines the integrity of the adversary process and impairs Carnival's ability to ascertain the truth. *Drummond Co., Inc.*, 885 F.3d at 1335. Plaintiff fails to show that it has met its heavy burden to claim of privilege. *Campero USA Corp.*, 916 F. Supp. at 1288; *Bridgewater*, 286 F.R.D. at 639. The text of de-designated document ██████████████, coupled with the vague and non-descriptive privilege log description, warrants an *in camera* review. *MapleWood Partners, L.P.*, 295 F.R.D. at n.4. If the Court determines the redacted text is not privileged, the Plaintiff should be compelled to produce de-designated document ████████████ without redactions.

5. <u>Plaintiff Has Not Shown That Document ██████████████ Was Prepared In Anticipation Of Litigation.</u>

Neither the privilege log entry for de-designated document ██████████████ nor the text of the document supports the assertion that it was prepared in anticipation of litigation or for the purpose of providing legal services. To the contrary, the text of the document supports the assertion that the non-attorney communication was prepared for the purpose of providing public relations and government lobbying services. *P. & B. Marina, Limited Partnership*, 136 F.R.D. at 59. The privileges Plaintiff asserts for this document are common interest protection and the work product privilege. The privilege log document title for de-designated document ████████ ████████ indicates ████████████████. The privilege log describes the subject of the communication as ██████████████████ ████████.

An examination of the text of the de-designated communication reveals that ██████████ ██████████████████████████████████████ ██████████████████████████████████████



The context of the correspondence and the non-lawyers and lobbyists involved, this document reflects that it was prepared for the purpose of providing public relations and government lobbying services, not legal services. *See In re Grand Jury Subpoenas*, 179 F. Supp. 2d at n.6; *Ala. Aircraft Indus., Inc.*, 2016 WL 9781826, at *5; *A & R Body Specialty & Collision Works, Inc*, 2013 WL 6044342 at *2. Protecting this document undermines the integrity of the adversary process and impairs Carnival's ability to ascertain the truth. *Drummond Co., Inc.*, 885 F.3d at 1335. Plaintiff fails to show that it has met its heavy burden to claim of privilege. *Campero USA Corp.*, 916 F. Supp. at 1288; *Bridgewater*, 286 F.R.D. at 639. The text of de-designated document ████████, coupled with the vague and non-descriptive privilege log description, warrants an *in camera* review. *MapleWood Partners, L.P.*, 295 F.R.D. at n.4. If the Court determines the redacted text is not privileged, the Plaintiff should be compelled to produce de-designated document ████████ without redactions.

      6.    <u>Plaintiff Has Not Shown That Document ████████ Was Prepared In Anticipation Of Litigation.</u>

Neither the privilege log entry for de-designated document ████████ nor the text of the document supports the assertion that it was prepared in anticipation of litigation or

for the purpose of providing legal services.  To the contrary, the text of the document supports the assertion that the non-attorney communication was prepared for the purpose of providing public relations and government lobbying services.  *P. & B. Marina, Limited Partnership*, 136 F.R.D. at 59.  The privileges Plaintiff asserts for this document are common interest protection and the work product privilege.  The privilege log document title for de-designated document ████████ ████████ indicates ████████████████████████████████████████.  The privilege log describes the subject of the communication as ████████████████████████████ ████████████████████████

An examination of the text of the de-designated communication reveals that ████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████.

The context of the correspondence and the non-lawyers, lobbyists, and ambassador involved, this document reflects that it was prepared for the purpose of providing public relations and government lobbying services, not legal services.  *See In re Grand Jury Subpoenas*, 179 F. Supp. 2d at n.6; *Ala. Aircraft Indus., Inc.*, 2016 WL 9781826, at *5; *A & R Body Specialty &*

*Collision Works, Inc*, 2013 WL 6044342 at *2. Protecting this document undermines the integrity of the adversary process and impairs Carnival's ability to ascertain the truth. *Drummond Co., Inc.*, 885 F.3d at 1335. Plaintiff fails to show that it has met its heavy burden to claim of privilege. *Campero USA Corp.*, 916 F. Supp. at 1288; *Bridgewater*, 286 F.R.D. at 639. The text of de-designated document ███████████████, coupled with the vague and non-descriptive privilege log description, warrants an *in camera* review. *MapleWood Partners, L.P.*, 295 F.R.D. at n.4. If the Court determines the redacted text is not privileged, the Plaintiff should be compelled to produce de-designated document ███████████ without redactions, including the redacted text ███████████████████████████

███████████████████████████████████

███████████████████████

7. **Plaintiff Has Not Shown That Document ███████████ Was Prepared In Anticipation Of Litigation.**

Neither the privilege log entry for de-designated document ███████████ nor the text of the document supports the assertion that it was prepared in anticipation of litigation or for the purpose of providing legal services. To the contrary, the text of the document supports the assertion that the non-attorney communication was prepared for the purpose of providing public relations and government lobbying services. *P. & B. Marina, Limited Partnership*, 136 F.R.D. at 59. The privileges Plaintiff asserts for this document are common interest protection and the work product privilege. The privilege log document title for de-designated document ███████ ███████ indicates ███████████████████. The privilege log describes the subject of the communication as ███████████████████

███████████████

An examination of the text of the de-designated communication reveals that is 

The context of the correspondence and the non-lawyers and lobbyists involved, this document reflects that it was prepared for the purpose of providing public relations and government lobbying services, not legal services. *See In re Grand Jury Subpoenas*, 179 F. Supp. 2d at n.6; *Ala. Aircraft Indus., Inc.*, 2016 WL 9781826, at *5; *A & R Body Specialty & Collision Works, Inc*, 2013 WL 6044342 at *2. Protecting this document undermines the integrity of the adversary process and impairs Carnival's ability to ascertain the truth. *Drummond Co., Inc.*, 885 F.3d at 1335. Plaintiff fails to show that it has met its heavy burden to claim of privilege. *Campero USA Corp.*, 916 F. Supp. at 1288; *Bridgewater*, 286 F.R.D. at 639. The text of de-designated document ▮▮▮▮▮▮▮▮▮, coupled with the vague and non-descriptive privilege log description, warrants an *in camera* review. *MapleWood Partners, L.P.*, 295 F.R.D. at n.4. If the Court determines the redacted text is not privileged, the Plaintiff should be compelled to produce de-designated document ▮▮▮▮▮▮▮▮ without redactions.

8.    <u>Plaintiff Has Not Shown That Document ▮▮▮▮▮▮▮ Was Prepared In Anticipation Of Litigation.</u>

Neither the privilege log entry for de-designated document ▮▮▮▮▮▮▮ nor the text of the document supports the assertion that it was prepared in anticipation of litigation or for the purpose of providing legal services. To the contrary, the text of the document supports the

assertion that the non-attorney communication was prepared for the purpose of providing public relations and government lobbying services. *P. & B. Marina, Limited Partnership*, 136 F.R.D. at 59. The privileges Plaintiff asserts for this document are common interest protection and the work product privilege. The privilege log document title for de-designated document ████████ ████████ indicates ████████████████████████████████████. The privilege log describes the subject of the communication as ████████████████████████ ████████████████████████

An examination of the text of the de-designated communication reveals that is ████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████

The context of the correspondence and the non-lawyers and lobbyists involved, this document reflects that it was prepared for the purpose of providing public relations and government lobbying services, not legal services. *See In re Grand Jury Subpoenas*, 179 F. Supp. 2d at n.6; *Ala. Aircraft Indus., Inc.*, 2016 WL 9781826, at *5; *A & R Body Specialty & Collision Works, Inc*, 2013 WL 6044342 at *2. Protecting this document undermines the integrity of the adversary process and impairs Carnival's ability to ascertain the truth. *Drummond Co., Inc.*, 885 F.3d at 1335. Plaintiff fails to show that it has met its heavy burden to claim of privilege. *Campero USA Corp.*, 916 F. Supp. at 1288; *Bridgewater*, 286 F.R.D. at 639. The text of de-designated document ████████████, coupled with the vague and non-descriptive privilege log description, warrants an *in camera* review. *MapleWood Partners, L.P.*, 295 F.R.D. at n.4. If the Court determines the redacted text is not privileged, the Plaintiff should be compelled to produce de-designated document ████████████ without redactions.

9.   Plaintiff Has Not Shown That Document ████████████ Was Prepared In Anticipation Of Litigation.

Neither the privilege log entry for de-designated document ████████████ nor the text of the document supports the assertion that it was prepared in anticipation of litigation or for the purpose of providing legal services. To the contrary, the text of the document supports the assertion that the non-attorney communication was prepared for the purpose of providing public relations and government lobbying services. *P. & B. Marina, Limited Partnership*, 136 F.R.D. at 59. The privileges Plaintiff asserts for this document are common interest protection and the work product privilege. The privilege log document title for de-designated document ████████████ indicates ████████████. The privilege log describes the subject of the communication as ████████████

█

An examination of the text of the de-designated communication reveals that is .[7]

The context of the correspondence and the non-lawyers and lobbyists involved, this document reflects that it was prepared for the purpose of providing public relations and government lobbying services, not legal services.  *See In re Grand Jury Subpoenas*, 179 F. Supp.

---

[7]

2d at n.6; *Ala. Aircraft Indus., Inc.*, 2016 WL 9781826, at *5; *A & R Body Specialty & Collision Works, Inc*, 2013 WL 6044342 at *2.  Protecting this document undermines the integrity of the adversary process and impairs Carnival's ability to ascertain the truth.  *Drummond Co., Inc.*, 885 F.3d at 1335.  Plaintiff fails to show that it has met its heavy burden to claim of privilege.  *Campero USA Corp.*, 916 F. Supp. at 1288; *Bridgewater*, 286 F.R.D. at 639.  The text of de-designated document ████████████ coupled with the vague and non-descriptive privilege log description, warrants an *in camera* review.  *MapleWood Partners, L.P.*, 295 F.R.D. at n.4.  If the Court determines the redacted text is not privileged, the Plaintiff should be compelled to produce de-designated document ████████████ without redactions.

        10.    <u>Plaintiff Has Not Shown That Document Number ████████████ Was Prepared In Anticipation Of Litigation.</u>

Neither the privilege log entry for de-designated document ████████████ nor the text of the document supports the assertion that it was prepared in anticipation of litigation or for the purpose of providing legal services.  To the contrary, the text of the document supports the assertion that the non-attorney communication was prepared for the purpose of providing public relations and government lobbying services.  *P. & B. Marina, Limited Partnership*, 136 F.R.D. at 59.  The privileges Plaintiff asserts for this document are common interest protection and the work product privilege.  The privilege log document title for de-designated document ████████ ████████ indicates ████████████.  The privilege log describes the subject of the communication as ████████████████ ██

An examination of the text of the de-designated communication reveals that is a ████████ ████████████████████████ ████████████████████████



[9]

The context of the correspondence and the non-lawyers involved, this document reflects that it was prepared for the purpose of providing public relations and government lobbying services, not legal services. *See In re Grand Jury Subpoenas*, 179 F. Supp. 2d at n.6; *Ala. Aircraft Indus., Inc.*, 2016 WL 9781826, at *5; *A & R Body Specialty & Collision Works, Inc*, 2013 WL 6044342 at *2. Protecting this document undermines the integrity of the adversary process and impairs Carnival's ability to ascertain the truth. *Drummond Co., Inc.*, 885 F.3d at 1335. Plaintiff fails to show that it has met its heavy burden to claim of privilege. *Campero USA Corp.*, 916 F. Supp. at 1288; *Bridgewater*, 286 F.R.D. at 639. The text of de-designated document



████, coupled with the vague and non-descriptive privilege log description, warrants an *in camera* review. *MapleWood Partners, L.P.*, 295 F.R.D. at n.4.  If the Court determines the redacted text is not privileged, the Plaintiff should be compelled to produce de-designated document ██████████████ without redactions.

Plaintiff has not met its heavy burden of proving that any of the challenged de-designated redacted documents warrant protection under the work product doctrine.  A review of the visible text of each document reveals the communications were prepared for the purpose of providing public relations government lobbying services, not legal services.  The text of the documents, the non-lawyers on the communications, and the generic privilege log recitations, particularly in light of the numerous and lengthy conferrals the parties have had on these documents warrants an *in camera* review and the production of each of the challenged documents without any redactions.

## CONCLUSION

For the foregoing reasons, Carnival respectfully requests that the court conduct an *in camera* review of the following redacted de-designated documents and compel Plaintiff to produce each document without any redactions within three (3) days of the Court's order: ████████

████████████████████████████████████████████████████████

████████████████████████████████████████

Dated: March 23, 2021

Pedro A. Freyre
AKERMAN LLP
(Florida Bar No. 192140)
98 SE 7th St., Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600
Pedro.freyre@akerman.com

George J. Fowler, III
(*Pro Hac Vice*)

Respectfully submitted,

By: /s/ Stuart H. Singer
    Stuart H. Singer
    (Florida Bar No. 377325)
    Pascual Oliu
    (Florida Bar No. 107737)
    Meredith Schultz
    (Florida Bar No. 29536)
    Corey P. Gray
    (Florida Bar No. 0115473)
    BOIES SCHILLER FLEXNER LLP

Luis Llamas
(Florida Bar No. 89822)
JONES WALKER LLP
201 St. Charles Ave.
New Orleans, LA 70170
Telephone: (504) 582-8752
gfowler@joneswalker.com

401 East Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 356-0011
ssinger@bsfllp.com

*Attorneys for Carnival Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record via the court's CM/ECF System on March 23, 2021.

By:*/s/ Corey P. Gray*
    Corey P. Gray