UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 19-cv-21724-BLOOM/MCALILEY

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

# ORDER DENYING PLAINTIFF'S MOTION TO COMPEL CARNIVAL'S ATTORNEY-CLIENT COMMUNICATIONS

Plaintiff, Havana Docks Corporation, filed a motion to compel Defendant, Carnival Corporation, to produce evidence that "reflects its knowledge of, and intent to comply with, the LIBERTAD Act and OFAC regulations." (ECF Nos. 202; 208).[1] Carnival withholds those documents as protected attorney-client communications. (ECF No. 204-2). It filed a memorandum in opposition, and Havana Docks filed a reply memorandum. (ECF Nos. 215, 219, 222).[2] The Honorable Beth Bloom referred the motion to me. (ECF No. 80). I heard oral argument on June 17, 2021, and I deny the motion for the reasons that follow.

---

[1] Plaintiff filed a Memorandum of Law on Carnival's Waiver of Attorney-Client Privilege, (ECF Nos. 202; 208), which I construe as a motion to compel Carnival to produce the disputed documents. The memorandum Plaintiff filed at ECF No. 202 is a sealed, unredacted version of ECF No. 208.

[2] The memorandum Plaintiff filed at ECF No. 222 is a sealed, unredacted version of ECF No. 219.

1

Havana Docks sues Carnival, pursuant to 22 U.S.C. § 6082 (the Helms-Burton Act, also known as the LIBERTAD Act), for trafficking in commercial real property at the Port of Havana, Cuba. Long ago, Havana Docks' predecessor constructed and then managed the property. The Cuban government confiscated the property in 1960 without payment of compensation, and Havana Docks was thereafter issued a certified claim to that property. In recent years Carnival has used the property to embark and disembark passengers from its cruise ships that have traveled to Cuba. Havana Docks now sues to recover damages from Carnival. *See generally* (Second Am. Compl., ECF No. 149).

The Helms-Burton Act imposes liability on any person who (1) after November 1, 1996; (2) traffics; (3) in property confiscated by the Cuban Government, on or after July 1, 1959. 22 U.S.C. § 6082(a)(1)(A). The Act defines trafficking as "*knowingly and intentionally*…engag[ing] in a commercial activity using or otherwise benefiting from confiscated property...." 22 U.S.C. § 6023(13) (emphasis added). Havana Docks has the burden of proving these elements of its claim at trial – as the parties agree.

The definition of trafficking excludes "transactions and uses of property incident to *lawful travel* to Cuba…." 22 U.S.C. § 6023(13)(B)(iii) (emphasis added). "Lawful travel" is an affirmative defense that a defendant must plead and prove, to avoid liability. (ECF No. 47 at 4-5). Carnival has done just that, with its First and Second affirmative defenses. (ECF No. 160 at 18).

In its motion, Havana Docks argues that Carnival, with its Fourth and Thirteenth affirmative defenses, asserts that it did not intend to traffic in the confiscated property as it believed its use of that property was lawful, and that by doing so, Carnival has made its

2

belief that it acted lawfully an issue in this lawsuit. (ECF No. 202 at 2). In relevant part, those affirmative defenses state as follows:

### FOURTH DEFENSE – DUE PROCES

Plaintiff's claim is barred in whole or in part by the Fifth Amendment's Due Process Clause including because Plaintiff seeks to hold Carnival liable for conduct that the Federal Government authorized as lawful by both general and specific licenses and under regulations….

### THIRTEENTH DEFENSE – LACK OF INTENT

Plaintiff's claim is barred in whole or in part because Carnival did not knowingly and intentionally traffic in the Subject Property.

(ECF No. 160 at 18, 20). It follows, says Havana Docks, that Carnival has thus opened the door to discovery of its attorney-client communications that address the lawfulness of its actions – which Carnival withholds on a claim of attorney-client privilege. (ECF No. 202 at 2-3).

The holder of an evidentiary privilege may waive that privilege expressly or by implication. *Cox v. Admin. U.S. Steel & Carnegie,* 17 F.3d 1386, 1417 (11th Cir. 1994). The privilege holder does this by implication if it "injects into the case an issue that in fairness requires an examination of otherwise protected communications." *Id.* at 1419. Affirmative defenses are perhaps the most common way in which a defendant impliedly waives a privilege. *Id*. A defendant's mere denial of elements of a plaintiff's claim is not an implied waiver of a defendant's privilege. *Id.*

As noted above, Havana Docks must prove, as elements of its claim, that Carnival knowingly and intentionally trafficked in the confiscated property. 22 U.S.C. § 6023(13).[3] What Carnival styled as its Thirteenth affirmative defense – that it "*did not knowingly and intentionally traffic*" in the property – is a straight denial of those elements of Plaintiff's required proof. Carnival undermined this clarity with its pleading the denial as an affirmative defense.[4] When I questioned Carnival's counsel, at the June 17th oral argument, why it did so, counsel announced Carnival's withdrawal of that affirmative defense, which removes any argument that Carnival placed into issue whether it knowingly and intentionally trafficked in the confiscated property. Havana Docks did, with the filing of this lawsuit, and Carnival denies this claim.

Carnival's Fourth affirmative defense likewise does not inject into the lawsuit the question of Carnival's belief as to the lawfulness of its actions in Cuba. The defense embodies an objective standard, not a subjective one. Judge Louis recognized this in the companion case, *Havana Docks v. Norwegian Cruise Line*, Case No. 19-CV-23591-Bloom/Louis, when she wrote that a due process defense raises an "objective inquiry… [about] the sufficiency of the government's actions, not how Defendant may have

---

[3] As one Court observed, "[t]o commit trafficking under the Act, a person must know that the property was confiscated by the Cuban government and intend that such property be the subject of their commercial behavior." *Glen v. Am. Airlines, Inc.,* No. 20-CV-482-A, 2020 WL 4464665, at *6 (N.D. Tex. Aug. 3, 2020). Notably, Havana Docks need not prove that Carnival knew its actions were unlawful.

[4] Affirmative defenses admit essential facts of a complaint and assert other facts in justification of a defendant's actions, or avoidance of its liability. *VP Props. & Devs., LLLP v. Seneca Specialty Ins. Co.*, 645 F. App'x 912, 916 (11th Cir. 2016). Here, Carnival admits nothing in the Second Amended Complaint, it simply denies what Havana Docks plead.

interpreted them. (*Id.* at ECF No. 177 at 12) (*citing Stardust, 3007 LLC v. City of Brookhaven*, 899 F.3d 1165, 1176 (11th Cir. 2018) ("All … due process … requires is fair notice … sufficient to enable persons of ordinary intelligence to avoid conduct which the law forbids.") (citation omitted)).

In sum, with its affirmative defenses Carnival has not asserted its subjective belief that its commercial use of the property in Cuba was lawful.[5]

Havana Docks argues that nonetheless, it is unfair for Defendant to put forward evidence that it acted lawfully – as it must do to make out its affirmative defense that it lawfully used the property – as this will allow Carnival to create *the inference* that at all times it *believed* it was acting lawfully. (ECF No. 202 at 8, 11). That is, Havana Docks is concerned that Carnival's evidence of objective facts will lead the fact finder to conclude that Carnival subjectively believed it acted within the law. That being so, Havana Docks argues it should have access to Carnival's attorney-client communications, which it suspects will document Carnival's doubt that its use of the property was lawful.

Havana Docks' point, that a jury might construe evidence of the objective lawfulness of Carnival's actions (such as government licenses) as evidence that Carnival subjectively believed that its actions were lawful, is a fair one. This possibility, however, does not amount to a waiver of Carnival's attorney-client privilege. Importantly, in its

---

[5] Havana Docks also quotes deposition testimony of Carnival's general counsel, that Carnival believed it was acting lawfully, as additional evidence that Carnival has injected this issue into the lawsuit. (ECF No. 202 at 7-8). The testimony Havana Docks references was given in response to questions by its lawyers. This does not amount to Carnival's waiver of its privilege. *See Centennial Bank v. ServisFirst Bank, Inc.*, No. 16-cv-88-T-36CPT, 2020 WL 1061450, at *9 (M.D. Fla. Mar. 4, 2020).

memorandum and at oral argument, Carnival's counsel is clear that it will not seek to introduce evidence of its subjective belief that its use of the Havana port was lawful.[6] Havana Docks' concern is best addressed at the motion in limine stage, and possibly with jury instructions.

For these reasons, the Court **ORDERS** that Havana's Docks' motion to compel Carnival to produce attorney-client communications regarding the lawfulness of Carnival's use of the confiscated property in Cuba, is **DENIED.**

**DONE and ORDERED** in Miami, Florida, this 22nd day of June 2021.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Beth Bloom
    Counsel of record

---

[6] Carnival wrote this in its response memorandum: "To be clear: Carnival has not and will not raise a good-faith defense, and Carnival's subjective knowledge and understanding of the Helms Burton Act (or any other law) is not relevant to any element of any claim or defense in this case. Carnival's 'lawful travel' defense, as defined by the statute, depends on the objective lawfulness of Carnival's travel, regardless of Carnival's beliefs about it." (ECF No. 215 at 1).

6