# EXHIBIT 87

In May of 2015 the US Treasury began issuing licenses to cruise ship and ferry lines to travel to Cuba. On May 1, 2016 the first cruise ship to Cuba from the United States left the port of Miami for Havana, Cienfuegos and Santiago de Cuba.

The cruise ship terminals in Havana and Santiago are confiscated properties claimed by us. The former was privately held US corporation owned by the Behn Family, whose claim for loss has been certified by the Foreign Claims Settlement Commission (FCSC Claim number CU#2492; see attached). The Santiago property, as you know, was privately held Cuban Corporation with a major shareholder who was a US citizen at the time the business was confiscated (FCSC Claim CU#1231).

Cruises that use these properties are clear violation of US law trafficking in stolen property in Cuba on at least 3 counts.

They are in violation of Section 103(a),

"(a) Prohibition.--Notwithstanding any other provision of law, no loan, credit, or other financing may be extended knowingly by a United States national, a permanent resident alien, or a United States agency to any person for the purpose of financing transactions involving any confiscated property the claim to which is owned by a United States national as of the date of the enactment of this Act, except for financing by the United States national owning such claim for a transaction permitted under United States law. "

They are engaging in a commercial relationship with the Cuban Revolutionary Armed Forces (FAR) and its financial arm, GAESA (Grupo de Administracion Empresarial).

They are in violation of Sec. 306(a) and Sec. 401(a)(2),

"(2) traffics in confiscated property, a claim to which is owned by a United States national;",

and, therefore, are subject to a Title IV action based on the definition of trafficking below,

"(A) Except as provided in subparagraph (B), a person "traffics" in confiscated property if that person knowingly and intentionally—

(i)(I) transfers, distributes, dispenses, brokers, or otherwise disposes of confiscated property, (II) purchases, receives, obtains control of, or otherwise acquires confiscated property, or (III) improves (other than for routine maintenance), invests in (by contribution of funds or anything of value, other than for routine maintenance), or begins

after the date of the enactment of this Act to manage, lease, possess, use, or hold an interest in confiscated property,

(ii) enters into a commercial arrangement using or otherwise benefiting from confiscated property".

Heretofore The State Department has asserted that the use of the confiscated port properties in Cuba has been "necessary" to the conduct of such travel as allowed for in the law,

"(iii) transactions and uses of property incident to lawful travel to Cuba, to the extent that such transactions and uses of property are necessary to the conduct of such travel;"

This is false.

The cruise lines are clearly trafficking in our confiscated property. They do not remotely meet any of the criteria for an exemption to trafficking stated as well in the law. In particular, subparagraph (iii) above does not apply to the cruise lines as previously argued by Mr. Kovar and Mr. Richard Figueroa of the U.S. State Department.

The use of our confiscated properties is NOT necessary for the purpose of the license to cruise Cuba. This has ben publicly stated by the CEO of Norwegian Cruise Lines Holdings when asked explicitly by cNBC reporter Michelle Caruso-Cabrera at a conference specifically dealing with cruising Cuba at Wharton Business School at the University of Pennsylvania about the "necessity" of a "good port". The CEO, Frank Del Rio, arrogantly dismissed this notion, explicitly stating that a port was "not necessary" to cruise Cuba, citing the numerous ports of call made by cruise ships around the world where they do not dock and ferry passengers to shore by the use or tenders.

Title IV requires that if the Secretary of State determines trafficking occurs involving stolen Cuban property then the visas of the officers and agents, as well as their family members, of the trafficking entities **must** be revoked.

Title IV notifications have been issued on five previous occasions and enforced in two instances. The following is from then Deputy National Security Advisor Sandy Berger and Under Secretary of State for Political Affairs Peter Tarnoff at a press conference in July of 1996 on behalf of President Clinton,

"Title IV has come into effect. And as you know, Title IV prohibits or requires us to not permit visas for individuals whose companies are engaged in trafficking in confiscated Cuban property. We have enforced -- are enforcing Title IV very vigorously. A number

of companies have received notices indicating that their executives and officers will not receive visas to the United States."

Although the largest cruise lines now going to Cuba as a result of the commercial engagement of the Cuban dictatorship are US entities, many of their officers and Board members are not US citizens. We have attached a list of the foreign Board members of Norwegian Cruise Lines Holdings, Carnival, PLC and Royal Caribbean Cruises, Ltd.

We respectfully request that the Secretary of State review the facts involving the use of our properties and US law to determine that these companies are in violation of the law and are trafficking in our confiscated properties. We then respectfully request that the State Department issue notifications of pending Title IV actions in 45 days to these companies as required in the law.

Thank you,

Javier Garcia-Bengochea, MD representing the port of Santiago de Cuba

Mickael Behn and Jerry Johnson representing the Havana Docks Corporation.