UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

Case No: 19-cv-21724-BLOOM/MCALILEY

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

MSC CRUISES SA, *et al.*,

    Defendants.
_____/

Case No: 19-cv-23588-BLOOM/LOUIS

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

Case No: 19-cv-23590-BLOOM/LOUIS

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

NORWEGIAN CRUISE LINE HOLDINGS LTD.,

    Defendant.
_____/

Case No: 19-cv-23591-BLOOM/LOUIS

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
## TO PRECLUDE TESTIMONY OF AMBAR DIAZ

Plaintiff, Havana Docks Corporation, filed a Motion to Preclude Ambar Diaz from Testifying Before a Jury and for the Court to Disregard or Reject Her Report and Testimony Under Fed. R. Civ. P. 44.1 (the "Motion"). (ECF No. 366). Defendants filed a Response in Opposition[1] and Plaintiff filed a reply memorandum. (ECF Nos. 408, 411). The Honorable Beth Bloom referred the Motion to me for a Report and Recommendation. (ECF No. 393). For the reasons that follow, I recommend that the Court deny the Motion.

The Plaintiff and all Defendants have filed motions for summary judgment, which are fully briefed and pending before Judge Bloom. Defendants attached, as Exhibit 1 to their Statement of Undisputed Material Facts, the Expert Report of Ambar Diaz. (ECF No. 331-1). And, Plaintiff attached a Rebuttal Report of Ambar Diaz, as an exhibit in support of its Motion. (ECF No. 361-1). Ms. Diaz earned a law degree from the University of Havana and practiced law in Cuba until she immigrated to the United States in 2000. (ECF No. 331-1 at 2). In 2003 Ms. Diaz earned a Juris Doctor degree from the University of Miami, and she has practiced law in this country since that time. (*Id.* at 3). Defendants maintain that Ms. Diaz is an expert on Cuban law.

---

[1] Plaintiff filed four identical actions against various cruise lines. The Defendants in each care are: (1) Carnival Corporation (No. 19-cv-21724); (2) MSC Cruises SA, MSC Cruises SA CO, and MSC Cruises (USA) Inc. (No. 19-cv-23588); (3) Royal Caribbean Cruises, Ltd. (No. 19-23590); and (4) Norwegian Cruise Line Holdings, Ltd. (No. 19-cv-23591). These lawsuits have common issues, and the Court permitted the parties to file global summary judgment and *Daubert* motions. (ECF No. 289). The record that I cite here is to *Havana Docks v. Carnival Corp.*, No. 19-cv-21724.

In their motion for summary judgment, Defendants rely upon the opinions Ms. Diaz expressed in her report, about "the laws and decrees that governed marine ports in Cuba prior to 1960". (ECF No. 330 at 3). In their response to the current Motion, Defendants sum up the opinions of Ms. Diaz that they offer in support of their summary judgment motion, as addressing two "principal issues": "(1) what property was confiscated from Plaintiff (only a time-limited concession to operate a cargo business), and (2) whether Defendants could have embarked or disembarked cruise passengers anywhere other than the only cruise terminal in Havana (they could not)." (ECF No. 408 at 1).

In the Motion, Plaintiff asks the Court to order, first, that Ms. Diaz be precluded from testifying before a jury, and second, that the Court, pursuant to Federal Rule of Civil Procedure 44.1, "disregard or reject her report and testimony." (ECF No. 366 at 1). I address those in turn.

### 1. Motion to preclude Ms. Diaz from testifying before a jury

Plaintiff argues that Ms. Diaz, as an expert on foreign law, be barred from testifying before a jury. (ECF No. 366 at 3). Plaintiff correctly notes that the Court – not a jury – determines the law, and this includes foreign law. *See* Fed. R. Civ. P. 44.1; *Schultz v. Royal Caribbean Cruises, Ltd.*, No. 18-24023-Civ, 2020 WL 3035234, at *4 (S.D. Fla. June 5, 2020).

Defendants respond that the Court may find that Ms. Diaz's opinions on the two "principal issues" extend beyond pure questions of law, to include disputed issues of fact, and that if the Court so finds, then "Ms. Diaz's specialized knowledge, skill, experience

and training will help the factfinder understand and determine these two critical issues of fact." (ECF No. 408 at 2).

Plaintiff's request that the Court now decide whether Ms. Diaz may testify before a jury is premature. This is properly the subject of a motion *in limine*,[2] *see Dover v. R.J. Reynolds Tobacco Co.*, No. 09-cv-11531, 2014 WL 4723116 (M.D. Fla. Sept. 22, 2014) ("[t]he purpose of a motion *in limine* is to [e]nable the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial ...." (quotations and citations omitted)), and Plaintiff effectively acknowledges this in its reply memorandum. (ECF No. 411 at 1 n.1).[3] If the Court decides this case will go to trial, in its resolution of the summary judgment motions, the Court will likely identify surviving issues that are purely legal, factual, or mixed questions of law and fact. The record will be considerably more developed at that time, and Defendants can then give notice whether they seek to introduce testimony of Ms. Diaz before a jury and confer with Plaintiff whether there is any disagreement about this.[4]

---

[2] The current deadline for motions *in limine* is January 24, 2022, (ECF No. 413 at 2), and while this deadline was different when Plaintiff filed the Motion, it nonetheless was nearly two months thereafter. (ECF No. 292 at 2). The Court's Scheduling Order provides that "[e]ach party is limited to one motion *in limine*." (ECF No. 28 at 2). That Scheduling Order has been amended several times, without changing this limitation.

[3] Plaintiff quotes its own *Daubert* motion, where it noted it would file "a separate motion *in limine*" to "address the relevance of Diaz's opinions." (ECF No. 411 at 1 n.1). That "motion *in limine*" is the Motion now before the Court, although Plaintiff did not designate it as such.

[4] I note that the Court has pending before it motions from all Defendants to strike Plaintiff's demand for a jury trial. This further underscores the premature nature of Plaintiff's Motion. *See, e.g.*, (ECF No. 297). I also note that Plaintiff did not file a *Daubert* motion regarding Ms. Diaz's testimony, and the deadline to do so has passed. *See* (ECF No. 303).

4

### 2. Motion to disregard or reject Ms. Diaz's report and testimony

Plaintiff next invokes Federal Rule of Civil Procedure 44.1 to ask the Court to "disregard or reject" Ms. Diaz's opinions. (ECF No. 366 at 1). The Rule provides that, "[i]n determining foreign law, the court may consider any relevant material or sources, including testimony" even if it is not admissible under the Rules of Evidence. Fed. R. Civ. P. 44.1. The Rule further provides that "[t]he court's determination must be treated as a ruling on a question of law." *Id.* Thus, relevance is the only limitation that the Rule places on the Court's consideration of information about foreign law.

In its reply, Plaintiff argues that Ms. Diaz's opinions are neither "relevant nor credible" and that the Court should therefore not consider them. (ECF No. 411 at 5). Rule 44.1 makes no mention of the credibility of evidence of foreign law. Plaintiff quotes a decision of another division of this Court, that used that term. (*Id.*). Specifically, the Court in *Grupo Televisa, S.A., v. Telemundo Commc'ns Grp., Inc.,* cited several cases and wrote "… those cases all agree that an expert on foreign law may testify as to his legal theories and a court, upon considering all relevant evidence, may accept or reject such testimony as *credible.*" *Grupo Televisa*, No. 04-20073-CIV, 2005 WL 5955701, at *7 (S.D. Fla. Aug. 17, 2005) (emphasis added).

The three cases relied upon by the *Grupo Televisa* Court do not use the term credible, or credibility.[5] They do, however, address the task of the district court to carefully

---

[5] Those cases are *Carlisle Ventures, Inc. v. Banco Espanol de Credito, S.A.*, 176 F.3d 601, 604 (2d Cir. 1999) (reversed trial court's reliance on affidavit of Spanish attorney about Spanish law of damages, because that attorney did not cite "cases or legal authority to support his construction"

5

evaluate the "material or sources"[6] available to it to assure that they are worthy of the Court's reliance upon them, to determine foreign law.

The broad authority that Rule 44.1 grants the trial court to determine foreign law, and its duty to thoughtfully make that determination, is reflected in the Supreme Court's decision in *Animal Science Prods., Inc. v. Hebei Welcome Pharmaceutical Co. Ltd.*, 138 S.Ct. 1865 (2018). Chinese companies were defendants in that antitrust action. The Chinese government filed statements in support of the Chinese defendants' claim that, what plaintiff argued was unlawful price fixing, was in fact authorized by Chinese law, and the court was thus called upon to determine Chinese law. After carefully considering the materials offered by the Chinese government, and other relevant evidence and information, the Court denied the defendants' motion for summary judgment, finding that "Chinese law did not require the sellers to fix the price[s] ...." *Id.* at 1871. The issue before the Supreme Court was the level of deference the trial court had to give an official statement by a foreign government about its own law. *Id.* at 1869. The Supreme Court held that a trial court "should accord respectful consideration to a foreign government's submission [about its own law] but is not bound to accord conclusive effect to the foreign government's statement." *Id*. The Supreme Court added that "the appropriate weight in each case will

---

of Spanish law); *Usatoree v. The Victoria*, 172 F.2d 434, 438-39 (2d Cir. 1949) ("[t]he judge is not bound to accept the testimony of a witness concerning the meaning of the laws of a foreign country…") and *Haywin Textile Prods., Inc. v. Int'l Fin. Inv.*, 137 F. Supp. 2d 431, 434-35 (S.D.N.Y. 2001) (court directed party to produce the authorities that its proffered expert on foreign law referenced in his affidavit, so that the court could better evaluate the expert's opinion).

[6] Fed. R. Civ. P. 44.1.

depend upon the circumstances; a federal court is neither bound to adopt the foreign government's characterization nor required to ignore other relevant materials." *Id*. at 1873. The Court thereafter identified various matters a trial court might consider in making this assessment. *Id*. at 1873-74.[7]

The decision in *Animal Science Products* is not directly relevant here, as the Republic of Cuba has not offered the Court opinions about the meaning of its law. The decision is instructive, nonetheless, about the broad authority that this Court has, under Rule 44.1, to determine foreign law.

I return to Plaintiff's challenge to the relevance and credibility of Ms. Diaz's opinion. (ECF No. 411 at 5). The only express limitation of Rule 44.1 is that the "material or sources" the Court relies upon to determine foreign law are relevant, and therefore Plaintiff certainly may challenge the relevance of Ms. Diaz's opinions. Further, Plaintiff certainly may address the foundation upon which Ms. Diaz's opinions rest and whether her opinions are worthy of the Court's consideration and reliance. And Plaintiff does this in its Motion.

I conclude that the Motion is nonetheless misguided and improper, as these arguments belong in Plaintiff's briefing on summary judgment.[8] As the Court works

---

[7] The court wrote that "no single formula or rule will fit all cases in which a foreign government describes its own law. Relevant considerations include the statement's clarity, thoroughness, and support; its context and purpose; the transparency of the foreign legal system; the role and authority of the entity or official offering the statement; and the statement's consistency with the foreign government's past positions." *Id.* at 1873-74.

[8] Defendants argue this in their response memorandum. They contend that the Court should construe the Motion as part of Plaintiff's summary judgment briefing, which exceeds the applicable page limits, and for this reason should be denied. (ECF No. 408 at 24).

through the issues raised on summary judgment, it will determine what proof the parties must put forward and what issues are relevant. It will determine the questions of law and of fact that are in dispute. To the extent Ms. Diaz offers opinions about relevant questions of Cuban law, the Court can then determine, under Rule 44.1, whether Ms. Diaz's opinions are worthy of the Court's reliance. For the Court to make those decisions here, separate from its summary judgment analysis, would be premature, disjointed, and inefficient.

3. **Recommendation**

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Plaintiff's Motion to Preclude Ambar Diaz from Testifying Before a Jury and for the Court to Disregard or Reject Her Report and Testimony Under Fed. R. Civ. P. 44.1. (ECF No. 366).

4. **Objections**

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Beth Bloom, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY RECOMMENDED in Miami, Florida, this 3rd day of December 2021.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Beth Bloom
      Counsel of Record