# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
                                   /

**Case No. 19-cv-21724**
**BLOOM/MCALILEY**

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

MSC CRUISES SA,
MSC CRUISES SA CO, and
MSC CRUISES (USA) INC.,

    Defendants.
                                   /

**Case No. 19-cv-23588**
**BLOOM/LOUIS**

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
                                   /

**Case No. 19-cv-23590**
**BLOOM/LOUIS**

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

NORWEGIAN CRUISE LINE HOLDINGS, LTD.,

    Defendant.
                                   /

**Case No.: 19-cv-23591**
**BLOOM/LOUIS**

**ORDER ON PLAINTIFF'S MOTION FOR PERMISSION TO USE
SEALED RECORDS AT THE DECEMBER 14TH HERING**

**THIS CAUSE** is before the Court upon Defendants' Motion for Permission to Use Sealed Records at the December 14th Hearing. *See Havana Docks Corp. v. Carnival Corp.*, No. 19-cv-21724, ECF No. [410]; *Havana Docks Corp. v. MSC Cruises, SA, et al.*, No. 19-cv-23588, ECF No. [285]; *Havana Docks Corp. v. Royal Caribbean Cruises Ltd.*, No. 19-cv-23590, ECF No. [212]; and *Havana Docks Corp. v Norwegian Cruise Line Holdings, Ltd.*, No. 19-cv-23591, ECF No. [315], (collectively, the "Motions"). Plaintiff filed Responses, and Defendants filed Replies. The Court has carefully considered the Motion, the Responses, the Replies, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motions are granted.

An essential component of our judicial system is the presumption that proceedings are open to the public. *Comm'r, Alabama Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1166 (11th Cir. 2019). This right to access includes a presumptive right to view and inspect materials used in connection with proceedings, even when not filed with the court. *Id.* at 1167–68 (collecting cases). "Generally, the common-law right of access standard as it applies to particular documents requires the court to balance competing interests of the parties . . . in light of the relevant facts and circumstances of the particular case." *Id.* at 1168 (cleaned up). "The common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Id.* at 1169 (internal quotations and citations omitted). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

Plaintiff seeks permission to use all sealed documents in connection with the pending

summary judgment motions during the hearing next week (while redacting personal identification information). Plaintiff explains that "[s]ubstantial discovery materials were filed as exhibits in connection with the parties' summary judgment motion," almost all of which the parties designated as "confidential" or "attorney's eyes only." Accordingly, the Court allowed the materials to be filed under seal in each case. Defendants agree with the Plaintiff "in principle" but request that contractual rates and terms between the cruise lines and Cuba-related entities, as well as "cruise-line-specific financial figures," remain confidential. Plaintiff disagrees, arguing that it intends to present argument using the financial information, and emphasizes that the contracts with Cuba are no longer in effect and the line of business to which they pertain (cruises to Cuba) is no longer in operation.

As parties seemingly agree that Plaintiff may "discuss and display any or all of the sealed documents filed in connection with the various motions for summary judgment at the upcoming hearing," except for the "two narrow categories" Defendants identify, the issue becomes whether Defendants' right in keeping that information confidential outweighs the presumption of access to these materials at the summary judgment hearing. Upon this record, the Court determines that the presumption of access should apply. On the one hand, Defendants present only conclusory assertions that the disclosure of this financial information will prejudice them. On the other hand, Plaintiff represents that it will rely upon the financial information in connection with several issues, including "whether the defendants commercially benefited or profited from their use of the Havana Port Terminal," "whether the defendants participated in the Cuban Government's possession of the Havana Port Terminal," and "whether a damages award to Havana Docks would be 'wholly disproportioned' to the defendants' violations of the Act." Although Defendants deem the financial information of marginal relevance, they cannot dictate how Plaintiff will present its arguments,

and the Court cannot prejudge what evidence will be relevant to the pending summary judgment issues.

Accordingly, the Motions, *Havana Docks Corp. v. Carnival Corp.*, No. 19-cv-21724, **ECF No. [410]**; *Havana Docks Corp. v. MSC Cruises, SA, et al.*, No. 19-cv-23588, **ECF No. [285]**; *Havana Docks Corp. v. Royal Caribbean Cruises Ltd.*, No. 19-cv-23590, **ECF No. [212]**; and *Havana Docks Corp. v Norwegian Cruise Line Holdings, Ltd.*, No. 19-cv-23591, **ECF No. [315]**, are **GRANTED**. All parties may freely and fully present their arguments at the December 14, 2021 hearing, including by using sealed records, but must redact as confidential personal identification information.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 7, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record