# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

**Case No. 19-cv-21724**
**BLOOM/MCALILEY**

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

MSC CRUISES SA,
MSC CRUISES SA CO, and
MSC CRUISES (USA) INC.,

    Defendants.

_____/

**Case No. 19-cv-23588**
**BLOOM/LOUIS**

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.

_____/

**Case No. 19-cv-23590**
**BLOOM/LOUIS**

HAVANA DOCKS CORPORATION,

    Plaintiff,

v.

NORWEGIAN CRUISE LINE HOLDINGS, LTD.,

    Defendant.

_____/

**Case No.: 19-cv-23591**
**BLOOM/LOUIS**

### SECOND ORDER REGARDING
### HEARING ON MOTIONS FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. The Court rescheduled the hearing on the parties' summary judgment motions for January 12, 2022, at 9:30 a.m. *See, e.g., Havana Docks Corp. v. Carnival Corp.*, No. 19-cv-21724, ECF No. [423]. As previously noted, there are ten summary judgment motions pending. The parties are of the view that the "omnibus cross-motions for summary judgment intertwine with (and cross-reference) each other" and that "the issues raised in the omnibus cross-motions are closely interrelated with the issues raised in the individual summary judgment cross-motions and do not easily lend themselves to an isolated process." ECF No. [422] at 3. The parties also asked for "guidance from the Court prior to the hearing of any issues or arguments that it would like the Parties to focus in their presentations." *Id.* at 4.

After reviewing the motions, the Court will conduct the hearing as follows. From 9:30 a.m. to noon, argument will be heard regarding the parties' omnibus motions for summary judgment. Each side will have one hour. On the Defendants' side, the Court's preference is that one attorney be designated to argue the omnibus issues. After the lunch recess, the Court will address individual motions for summary judgment from 1:00 pm – 5:00 pm, with argument in each case to consist of one hour, each side having 30 minutes.

The issues the parties should focus on include:

(1)   Whether 22 U.S.C. § 6083(a)(1) precludes the Court from looking beyond the certified claim to determine Plaintiff's interest in the subject property.

(2)   Whether "lawful travel" under 22 U.S.C. § 6023(13)(B)(iii) means lawful travel under federal *statutes*, like the Helms-Burton Act; federal *regulations*, like those promulgated by the Office of Foreign Assets Control ("OFAC"); or both.

(3)     Whether the cruises at issue must fall within the 12 enumerated reasons for permissible travel to Cuba under 31 C.F.R. § 515.560, and not be deemed "tourist activities," in order to constitute "lawful travel." Regarding the burden of proof, must Defendants show that they traveled for the permissible reasons, or must Plaintiff show that Defendants engaged in tourism. Must Defendants show compliance with OFAC licensing regulations to avoid liability?

(4)     What is the interplay between the definitions of "United States national" under the Helms-Burton Act, 22 U.S.C. § 6023(15), and "national of the United States" under Title V of the International Claims Settlement Act of 1949, 22 U.S.C. § 1643a(1)?

(5)     Whether the term "necessary" to the conduct of lawful travel under § 6023(13)(B)(iii) mean *absolutely* necessary (*e.g.*, Defendants had no alternative but to dock at the subject piers) or *reasonably* necessary (*e.g.*, Defendants had a choice of docks but reasonably chose to dock at the subject piers). Should the Court consider what was "necessary" for travel to Cuba in general or to Havana in particular?

(6)     Whether "knowingly" under 22 U.S.C. § 6023(9) encompasses actual notice, constructive notice, or both.

(7)     Whether Carnival may be held liable solely by virtue of its minority ownership of Costa Crociere and Airtours and whether Royal Caribbean may be held liable for the operation of Silversea, absent facts that would allow Plaintiff to pierce the corporate veil.

These issues are not exhaustive. The parties are not precluded from including in their presentations argument they deem important. However, the time limits are not aspirational; the parties should endeavor to focus their arguments as much as possible.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 30, 2021.

                                                                        **BETH BLOOM**
                                                                        **UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record