**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

HAVANA DOCKS CORPORATION,                              Case No: 19-cv-21724-
                                                                           BLOOM/MCALILEY
      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.
_____/

HAVANA DOCKS CORPORATION,                              Case No: 19-cv-23588-
                                                                           BLOOM/LOUIS
      Plaintiff,

v.

MSC CRUISES S.A., *et al.*,

      Defendants.
_____/

HAVANA DOCKS CORPORATION,                              Case No: 19-cv-23590-
                                                                           BLOOM/LOUIS
      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

      Defendant.
_____/

HAVANA DOCKS CORPORATION,                              Case No: 19-cv-23591-
                                                                           BLOOM/LOUIS
      Plaintiff,

v.

NORWEGIAN CRUISE LINE HOLDINGS LTD.,

      Defendant.
_____/

**DEFENDANTS' MOTION TO CONFIRM THE APPLICABILITY OF THE**
**"ONE-SATISFACTION RULE"**

Defendants Carnival Corporation ("Carnival"), MSC Cruises S.A., MSC Cruises SA Co., MSC Cruises (USA), Inc. (collectively "MSC Cruises"), Royal Caribbean Cruises, Ltd. ("Royal Caribbean"), and Norwegian Cruise Line Holdings Ltd. ("Norwegian") (collectively, "Defendants") file this motion to confirm the applicability of the "one-satisfaction rule" in the above-captioned cases.

## INTRODUCTION

Defendants seek a ruling, under the one-satisfaction rule, that Plaintiff is entitled to recover the amount of its alleged loss only once, and not four separate times against each of the Defendants. The Court has determined that Plaintiff holds an unsatisfied claim for compensation from the Cuban Government, and that Title III allows the Plaintiff to be compensated for that claim—but only once, not an infinite number of times as long as the Plaintiff can continue bringing suits against new defendants.[1] Congress did not design the Helms-Burton Act to be an perpetual income stream, compensating plaintiffs over and over again and allowing collection of payments in orders of magnitude greater than their loss.

Adjudicating this issue pretrial will "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial[,]" and help the Parties focus their pretrial efforts more efficiently. *Harrell v. Carnival Corp.*, No. 19-22667-CIV, 2021 WL 5759335, at *1 (S.D. Fla. Dec. 3, 2021) (internal citation and quotation marks omitted); *see also Hoerchler v. Equifax Info. Servs., LLC*, No. 20 CV 3310, 2021 WL 4902452, at *3 (N.D. Ill. Oct.

---

[1] Indeed, Plaintiff's potential new defendants may not be limited to those who engage in *future* acts of alleged trafficking.  Unless and until there exists controlling authority on the Act's statute of repose, it is possible that Plaintiff could seek to bring additional claims for *past* acts of alleged trafficking against other entities, or even against *individual cruise passengers*.

21, 2021) (finding that the applicability of the one-satisfaction rule was "ripe for decision" pretrial because it would "facilitate further settlement negotiations between the parties.").

As discussed in further detail below, the one-satisfaction rule should apply because Plaintiff, at best, has only a single, indivisible injury.

## ARGUMENT

### I.      Standard for Application of the One-Satisfaction Rule

The Eleventh Circuit has held that courts can apply the one-satisfaction rule to federal claims, particularly when the federal claims are akin to tort claims.  *BUC Int'l. Corp. v. Int'l Yacht Council Ltd*., 517 F.3d 1271, 1278 (11th Cir. 2008).  In *BUC Int'l. Corp.,* the Eleventh Circuit found that "copyright infringement is in the nature of a tort, for which all who participate in the infringement are jointly and severally liable, and that under elementary principles of tort law a plaintiff is entitled to only one recovery for a wrong."  *Id.* at 1278 (internal quotations omitted). The Eleventh Circuit applied the one-satisfaction rule to the tort-like copyright claim because "to hold otherwise would allow a plaintiff to recover multiple times for a single injury, frustrating this elementary principle of tort law in a manner that we cannot imagine envisioned by Congress."  *Id.*

Similarly, this Court has held—and Plaintiff agrees[2]—that a Helms Burton claim is closely "analogous to common law tort claims."  *See NCL*, ECF No. 357, Order Adopting Magistrate Judge's Report and Recommendation on the Motion to Strike Jury Trial ("*NCL* R&R"), at 8. Specifically, this Court explained that "Plaintiff must prove Defendants' duty to refrain from trafficking on the Subject Property, Defendants' breach of that duty, and Plaintiffs' damages," in a liability formulation that directly mirrors tort claims.  *Id.* at 7.  Because of that tort-like liability

---

[2] *See NCL*, ECF No. 254, Plaintiff's Omnibus Response to Defendants' Motions to Strike Jury Demand, at 17 ("Suits under the Act are analogous to a variety of common law tort actions all of which have historically conferred litigants the right to jury trial.").

formulation, this Court concluded that "the specific issues that must be tried—which are the focus of the Court's analysis—indicate that *the claim being adjudicated is analogous to common law tort claims*," thus requiring a jury trial.  *Id*. at 8 (emphasis added).

Under the Eleventh Circuit's ruling in *BUC Int'l Corp.*, this Court should hold that Plaintiff cannot recover multiple times for the single, tort-like injury from Defendants' "breach" of their "duty to refrain from trafficking on the Subject Property."[3]  *NCL* R&R at 7.

Application of the one-satisfaction rule is particularly appropriate here because the Court already characterized Plaintiff's injury as "not receiving the benefit of its interest in the Subject Property,"—a single, indivisible harm.  *Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*, 484 F. Supp. 3d 1215, 1228 (S.D. Fla. 2020).  Indeed, failing to apply the one-satisfaction rule would provide Plaintiff with an inequitable windfall in the form of suffering *one* harm ("not receiving the benefit of its interest") but being compensated for that harm *multiple* times over, as discussed below.

## II.  The One-Satisfaction Rule Should Apply Because There Is Only One Alleged Injury

Under the governing analysis, courts ask whether the plaintiff's claim seeks to recover for the same injury from multiple defendants and, if the answer is yes, courts apply the one-satisfaction rule.  *See BUC Int'l Corp.*, 517 F.3d at 1278.  The rule "operates to reduce a plaintiff's recovery . . . to prevent the plaintiff from recovering twice from the *same assessment of liability*."  *Chisholm v. UHP Projects, Inc.*, 205 F.3d 731, 737 (4th Cir. 2000) (emphasis added).  "The essential requirement for the 'one satisfaction rule' is that the amounts recovered by settlement and the judgment must represent common damages arising from a single, indivisible harm."  *Id.*; *see also*

---

[3] Under the same theory, Plaintiff cannot recover multiple times for the single, tort-like injury of confiscation.

Restatement (Second) of Torts § 875 (1979) ("Each of two or more persons whose tortious conduct is a legal cause of a single and indivisible harm to the injured party is subject to liability to the injured party for the entire harm").  Here, there is **one harm** (Plaintiff was not compensated for the value of its "interest in the Subject Property"[4] after it was confiscated) and **one assessment of liability** (*see* Omnibus Order on Summary Judgment);[5] accordingly, Eleventh Circuit precedent calls for the application of the one-satisfaction rule to Plaintiff's tort-like Helms Burton claim.

In short, Plaintiff may only recover once for the same injury despite each Defendant's alleged "trafficking."  *See Sessions v. Johnson*, 95 U.S. 347, 348 (1877) ("Where a trespass is committed by several persons, the party injured may sue any or all of the wrong-doers, but he can have but one satisfaction for the same injury."); *see also BUC Int'l Corp.*, 517 F.3d at 1278; *Malibu Media, LLC v. Zumbo*, No. 2:13-cv-729, 2014 WL 2742830, at *2 (M.D. Fla. June 17, 2014) ("Equity provides that a plaintiff is entitled to only one satisfaction for a single injury, thereby barring duplicative recovery.") (internal citation and quotation marks omitted).[6]

Indeed, the crux of the analysis is not whether there were separate violations, but whether there was one injury. *See Williams v. LVNV Funding, LLC*, No. 4:15-cv-2219, 2017 WL 1331014,

---

[4] *NCL*, 484 F. Supp. 3d at 1228; *see also See Havana Docks Corp. v. MSC Cruises SA Co.,* 455 F. Supp. 3d 1355, 1369 (S.D. Fla. 2020) ("[I]n lieu of its property interest in the remaining 44 years of the concession to the Subject Property, which the Cuban Government confiscated, Plaintiff now owns an interest only in the Certified Claim, which reflects the right to compensation for the value of loss Plaintiff sustained due to the expropriation.")

[5] *Carnival*, ECF No. 477.

[6] There is no question that such equitable principles can apply in a case like this brought under a federal statute. *See BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1278 n.7 (11th Cir. 2008) ("We note that ample authority supports applying the [one-satisfaction] rule to federal causes of action"); *Screen Gems–Columbia Music, Inc. v. Metlis & Lebow Corp.*, 453 F.2d 552, 553–54 (2d Cir. 1972) (holding that the one-satisfaction rule applies to infringement actions under the Copyright Act); *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 425, 436 (3d Cir. 1993) (applying the one-satisfaction rule in the context of federal antitrust claims).

at *1 (N.D. Ala. Apr. 11, 2017) (holding, under *BUC Int'l*, that the one satisfaction rule applied to Federal Credit Reporting Act liability). In *Williams*, the Court reasoned that while

> each violation of the FCRA is a separate violation [, it does not matter] how many *violations* of the FCRA occurred, Mr. Williams is not entitled to recover for the same *injury*, even if two different violations could be said to have caused that injury. Undoubtedly, Mr. Williams' claims against the CRAs and his claims against the remaining Defendants stem from separate conduct. But the relevant inquiry for purposes of the one-satisfaction rule is not whether the *conduct* is distinct but whether the *injury* is distinct.

*Id.* (emphasis in original). It follows that the one-satisfaction "rule applies when multiple defendants commit the same act as well as when defendants commit technically different acts that result in a single injury." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991).

The rule is particularly applicable where, as here, Plaintiff's injury is measured by the value of a single property interest. *See id.* (holding that the one-satisfaction rule applied in a ***value of property*** context because the misrepresentation of the defendants—the property seller, the seller's counsel, and the title company—caused a "single indivisible harm" to the buyer, namely the diminished ***value of the property*** purchased) (emphasis added); *see also First Title Co. of Waco v. Garrett*, 860 S.W.2d 74, 75 (Tex. 1993) (holding that the one-satisfaction rule applied in a ***value of property*** case because the buyers suffered one injury—land worth less than it was represented to be worth—after the plaintiff-buyers sued the sellers and two title insurance companies for failing to disclose a restrictive covenant that prohibited them from using the property for the express purpose for which they bought the land).

This Court has already held that Plaintiff's injury is the singular loss of the value of its property interests, and its unsatisfied right to be compensated for the expropriation of those interests. *See NCL*, 484 F. Supp. 3d at 1231 (agreeing with Plaintiff "that a favorable decision would directly redress its injury by compensating Plaintiff for ***the value of its interests in the***

***Subject Property that were confiscated***") (emphasis added); *id.* at 1228 ("[Plaintiff's] injury is 'real' because it is not receiving the benefit of its interest in the Subject Property"). Indeed, the Court has recognized that Plaintiff's sole remaining property interest today is a Certified Claim that reflects Plaintiff's right to be compensated for its expropriated property. *See MSC*, 455 F. Supp. 3d at 1369 ("[I]n lieu of its property interest in the remaining 44 years of the concession to the Subject Property, which the Cuban Government confiscated, Plaintiff now owns an interest only in the Certified Claim, which reflects the right to compensation for the value of loss Plaintiff sustained due to the expropriation."); *id.* at 1368 ("[O]btaining a claim certified by the FCSC allows the victim of such a confiscation to memorialize the ***value*** of the property interest lost and to put other actors on notice of the victim's outstanding right to compensation based on the now-extinguished property interest taken. This certified claim is ***not*** an interest in the confiscated property itself; rather, it represents the dollar amount that the victim has suffered by being deprived of its property interests . . . .") (emphasis in original).

The Helms-Burton Act does not attempt to tie damages to the particular harm ***caused*** by any instance of trafficking; instead, it measures damages solely by the value of the confiscated property or outstanding claim. 22 U.S.C. 6082(a)(1)(A)(i). After all, the Act was intended to "tak[e] appropriate steps to return to United States citizens . . . property taken by the Cuban Government from such citizens and entities on or after January 1, 1959, or ***to provide equitable compensation to such citizens and entities for such property***." 22 U.S.C.A. § 6065(b)(2)(D) (emphasis added). As such, this Court held that damages under Title III are limited by the value of the confiscated property interest. *Id.* at 1373–74.

Moreover, the text of Title III of the Helms-Burton Act itself shows that a claimant is only entitled to the full satisfaction of its Certified Claim, not more (and certainly not unlimited,

multiple times more as Plaintiff advances in its various cases).  The Act provides in relevant part:

> [I]f the recovery in the action is equal to or greater than the amount of the certified claim, the United States national may not receive payment on the claim under any agreement entered into between the United States and Cuba settling claims covered by such title, and such national shall be deemed to have discharged the United States from any further responsibility to represent the United States national with respect to that claim.

22 U.S.C. § 6082 (f)(2)(A)(i).  The legislative history also unambiguously expresses the intent to avoid "double compensation."  Report from the House Committee on International Relations, to accompany H.R. 927, (July 24, 1995) ("[The Act] contains special rules designed *to prevent double compensation of certified claimants*.  Persons who receive a recovery in an action under this section *cannot* subsequently collect compensation for the same claim in subsequent settlements, except to the extent that the certified claim was not fully satisfied by the recovery in the action under this section." (emphases added)).  And that's not the only place in the Act that provides express guardrails to prevent the windfall of infinite multiple recoveries that Plaintiff seeks here.  The Election of Remedies section of Title III also supports this principle, deterring over-compensation:

> (A) any United States national that brings *an* action under this section may not bring any other civil action or proceeding under the common law, Federal law, or the law of any of the several States, the District of Columbia, or any commonwealth, territory, or possession of the United States, that seeks monetary or nonmonetary compensation by reason of the same subject matter; and
>
> (B) any person who brings, under the common law or any provision of law other than this section, a civil action or proceeding for monetary or nonmonetary compensation arising out of a claim for which an action would otherwise be cognizable under this section may not bring an action under this section on that claim.

22 U.S.C. § 6082(f)(1)(A)-(B).[7]

---

[7] In the Court's Omnibus Order on Summary Judgment, the Court recognized that pursuant to this language, a plaintiff could not bring a cause of action under Title III and an action "under other

Absent application of the one-satisfaction rule, Plaintiff could receive many times the value of its claim, limited only by its ability to find new defendants. Here, a trebling (by statute) and then a quadrupling (for each cruise line) of Plaintiff's claim would yield a recovery constituting a *twelvefold* increase in the purported value of the concession. The Eleventh Circuit explained that "[t]he one-satisfaction rule . . . operates to prevent double recovery, or the overcompensation of a plaintiff for a single injury." *See BUC Int'l Corp.*, 517 F.3d at 1277; *see also In re Graybill*, No. 6:19-CV-2026, 2020 WL 4810298, at *4 (M.D. Fla. July 21, 2020) ("[I]t would be inequitable for a plaintiff to receive a windfall by recovering twice for a single injury").

Given the Eleventh Circuit deems the one-satisfaction rule appropriate to prevent double recovery, its use is unquestionably appropriate to prevent the absurd result of a *quadruple or more* recovery. Accordingly, to provide "equitable compensation" to Plaintiff under 22 U.S.C.A. § 6065(b)(2)(D), and simultaneously "prevent double recovery" or "overcompensation," both the Helms-Burton Act and Eleventh Circuit precedent call for the application of the one-satisfaction rule.

### III.    The One-Satisfaction Rule Applies Whether the Court Issues a Single Judgment or Multiple Judgments

Under the one-satisfaction rule, a plaintiff is entitled to only one satisfaction for a single injury even when there are multiple judgments. *See BUC Int'l.*, 517 F.3d at 1276. This rule, designed to prevent double recovery and never-ending litigation by dissatisfied claimants, "applies whether a single judgment has been obtained against joint or concurrent tortfeasors, whether separate judgments of equivalent or disparate amounts have been obtained against tortfeasors, or whether no other judgment has been obtained against other tortfeasors." *Yates v. Nimeh*, 486 F.

---

sources." *Carnival*, ECF No. 477 at 159–60. While the Court held that this does not limit the number of cases Plaintiff can bring, the Court certainly did not hold that Plaintiff can recover the full value of its claim multiple times against an unlimited number of defendants. *See id.*

Supp. 2d 1084, 1086 n.7 (N.D. Cal. 2007) (internal citation and quotation marks omitted); *see also*

*Moseley, Hallgarten, Estabrook & Weeden, Inc. v. Ellis*, 849 F.2d 264, 272 (7th Cir. 1988) ("Here,

although Moseley is now armed with two judgments . . . the law is clear that Moseley is entitled

to but one satisfaction."). Therefore, whether judgment may be entered against all four

Defendants, together, or against each against Defendant, individually, the one-satisfaction rule

applies.

## CONCLUSION

For the foregoing reasons, the Court should enter a pretrial order ruling that the one-

satisfaction rule applies to any judgment(s) Plaintiff may receive against Defendants.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), undersigned counsel certify

that they attempted to confer in good faith with Plaintiff's counsel in writing on June 16, 2022

regarding this Motion, and Plaintiff opposes this motion.

Dated:  June 17, 2022                                    Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**              **HOGAN LOVELLS US LLP**
401 East Las Olas Boulevard, Suite 1200       600 Brickell Avenue, Suite 2700
Fort Lauderdale, Florida                                   Miami, Florida 33131
Telephone: (954) 356-0011                            Telephone: (305) 459-6500
Facsimile:  (954) 356-0022                            Facsimile:  (305) 459-6550

By: /s/ *Stuart H. Singer*                               By: /s/ *Allen P. Pegg*
Stuart H. Singer                                             Richard C. Lorenzo
Florida Bar No. 377325                                  Florida Bar No. 071412
ssinger@bsfllp.com                                        richard.lorenzo@hoganlovells.com
Meredith Schultz                                            Allen P. Pegg
Florida Bar No. 29536                                    Florida Bar No. 597821
mschultz@bsllp.com                                      allen.pegg@hoganlovells.com
Pascual A. Oliu
Florida Bar No. 0107737                                *Counsel for Norwegian Cruise Line*
Corey P. Gray                                              *Holdings Ltd.*
Florida Bar No. 0115473
cgray@bsfllp.com

**AKERMAN LLP**
Pedro A. Freyre
Florida Bar No. 192140
Pedro.freyre@akerman.com
98 S.E. 7th Street, Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600

**JONES WALKER LLP**
George J. Fowler, III (admitted *pro hac vice*)
gfowler@joneswalker.com
Luis Llamas
Florida Bar No. 89822
llamas@joneswalker.com
201 St. Charles Avenue
New Orleans, LA 70170
Telephone: (504) 582-8752

*Counsel for Carnival Corporation*

**VENABLE LLP**
600 Massachusetts Avenue
Washington, D.C. 20001
Telephone: (202) 344-4703
Facsimile:  (202) 344-8300

By: */s/ J. Douglas Baldridge*
Florida Bar No. 708070
JBaldridge@venable.com
Andrew T. Hernacki (admitted *pro hac vice*)
ATHernacki@venable.com
Justin B. Nemeroff (admitted *pro hac vice*)
JBNemeroff@venable.com

*Counsel for MSC Cruises*

**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 374-8500
Facsimile:  (305) 789-7799

By: */s/ Scott D. Ponce*
Scott D. Ponce
Florida Bar No. 0169528
sponce@hklaw.com

*Counsel for Royal Caribbean Cruises Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2022, the foregoing was filed with the Clerk of Court using

CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record.

By: */s/ Stuart H. Singer*
Stuart H. Singer

10